Lipscomb, J.
It has been often declared that the process by attachment is liable to produce so much oppression and injury that a rigid conformity with the law authorizing its issuance will be exacted. And no portion of the statute requires 1 his rule to be more strictly adhered to than in the affidavit to be made by the plaintiff, as one of the conditions on which the attachment is allowed. If the belief of the, plaintiff, without facts on which such belief can be reasonably based, should be held a sufficient compliance with the requisition of the statute that “the plaintiff shall make an affidavit in writing that he, the defendant, is about to remove his property beyond this State,"” one of the best assurances against, the abuse of the process would be rendered inoperative and entirely useless, because the legal responsibility of the affiant to a prosecution for perjury would be in most cases destroyed. The language of the statute admits no equivocation or evasion. A distinct fact must be sworn to by the person who seeks the use of the, process of attachment. - An evasive affidavit of the party as to liis having good reasous for his belief, which reasons are confined to his own segret keeping, is not a compliance with the statute. (See cases decided in this court.) The question is not an open one in this court. This objection was well taken, and the court vezy properly sustained it and quashed the attachment.
The affidavit seems to have been defective on another ground: it ought to have shown the amount due at the time of the filing the petition. It seems very clear that the attachment was properly quashed, and all of its incidents fell with it, such as a discharge of the property’attached at the cost of the plaintiff.
But, it does not follow under our statute that the suit would be dismissed. An attachment is not always an original proceeding. It is sometimes used as an auxiliary to the ordinary process, and issues colemporancously with it; and in such cases it not unfrbquently happens that the attachment is quashed and the suit, commenced by the ordinary process, proceeds to a judgment. (Cloud v. Smith, 1 Tex. R., 611; Chevallier v. Williams, 2 Id., 239.) *99 In this ease the ordinary process was prayed, and it issued, and was served on the parties at the same time the attachment was issued. The attachment, we have seen, was imperfectly sued out on a defective affidavit; but if the plaintiff has set out a good cause of action hvhis petition, he can proceed to have his rights adjudicated in the ordinary way, because such right is not at all dependent on the attachment. If, however, the debt sued for liad not been due, nor a sufficient portion of it due at the time of the commencement of the suit to authorize the ordinary suit, the whole action would fall with the attachment, because it is by attachment alone that a debt not due can be sued on. (Hart. Dig., art. 37.)
Note. — The precise question in this ease was decided-by the Supreme Court of Mississippi in a ease cited-by counsel for the appellant, in accordance with the 'opinion I entertain. (6 How. Miss. R., 254.) W.
Note 31.—Culbertson v. Cabeen, 29 T., 247; Cox v. Reinhardt, 41 T., 591.
In this case the petition alleges that three hundred dollars were due to the plain till' at the time of the commencement of the suit. The suit can be sustained for this sum, But lie cannot- recover the debt not due, because his right to sue for that sum depended on the attachment and had to share its fate.
The case of Chambers v. Sydnor was decided on a different statute now not in force. The attachment in that case was a single remedy, and not auxiliary to tile ordinary action by petition and summons. The suit was by attachment only, and the attachment being bad, there was no suit left in court.
The court below erred in dismissing the suit, but did not err in quashing the attachment. The judgment must be reversed and remanded to the court below, with instructions to try the suit as an ordinary one where no attachment had been prayed for nor issued. And the judgment quashihg the attachment is affirmed.
Judgment reversed.
Wheeleb, J.
It is in the nature of things impossible that a man can know positively any fact not capable of being ascertained by the evidence of the senses. However positively lie may state it, his statement must rest not on his knowledge but upon his belief. Where, therefore, the fact stated, as in the present case, is not susceptible of certain knowledge or positive proof, whatever the form of the statement, however positive it may be, it can amount to no more than a statement of the belief of the party. The present affidayit is therefore in my opinion a substantial compliance with the statute, the fact stated being one which is not susceptible of direct anti positive proof. The only principle upon which it can be held insufficient is that the rules of construction applicable to the attachment act require not only a substantial but also a literal compliance with the statute. That is going farther than this court has heretofore gone in the application of strict rules of construction to the statute.. It is requiring greater strictness than is required even in criminal proceedings. In an indictment upon a penal statute it is not necessary to pursue the very letter of the statute, and so this court has expressly decided. In respect to those facts which are susceptible of positive proof, or which rest peculiarly within the knowledge of the affiant, as the fact and amount of indebtedness, the statement may and therefore must be direct and positive.
I consider the present, however, a question of but little practical importance beyond its'effect upon the present.case; for any man of ordinary intelligence, when told tiiat the law requires that he shall state positively that his debtor, against whom lie is driven to an attachment to save a just debt, is about to remove beyond the jurisdiction of the court, if he believes the fact to be so, will not hesitate to make the statement, knowing tiiat it must be taken to be nothing more than a statement according to the best of his knowledge and. belief.