RICHARD S. MORGAN v. BENJAMAN F. JOHNSON AND ANOTHER.

In a suit on promissory notes and an account, an affidavit that the defendant is indebted to the plaintiff, " in the several sums of money mentioned in the petition," is a substantial compliance with the Statute which requires the affidavit for attachment to state the sum due, and with the Statute which provides that no writ of *quia timet*, attachment &c., shall be issued, unless the party applying for such writ shall first make affidavit, in writing, of the truth of the matter set forth in his or her petition.

A return of attachment, executed " by levying the within attachment in presence " of John B. Costa and A. B. McGill on lots No. 3," &c., is sufficient, under the Statute, which requires the officer to declare in the presence of one or more credible witnesses, that he attaches the property.

Error from Travis.   The suit was on two promissory notes and an account.

*I. A. & G. W. Paschal,* for plaintiff in error.

*Oldham & Terrell,* for defendants in error.

WHEELER, J.   It is objected to the judgment, that the affidavit to obtain the attachment was insufficient, because it does not state the amount of indebtedness.   It, however, does state that the defendant is indebted to the plaintiffs "in the several "sums of money mentioned" in the petition; and this, we think, was sufficient.   We are not aware that it has ever been held to be necessary, to state the sum in the affidavit, where the sum demanded is thus expressly and definitely stated in the petition, and the party makes oath that that sum is due.   The affidavit would not be rendered more certain by repeating the amount; and we do not think it necessary.   It is further objected that the petition was not sworn to.   In Schrimpf v. McArdle (13 Tex. R. 368) we held that the 143rd Section of the District Court Act of 1846, was not repealed by the Act of 1848, regulating attachments; but, at the same time, that if the affidavit, made to obtain the attachment, contain all the material, traversable matter set forth in the petition, the requirement of the Act of 1846, (Dig. Art. 795) will have been complied with.   Such evidently was the case in this instance.

Finally, it is objected that there was not sufficient levy of the attachment, because it is not stated in the return, that the officer declared in the presence of one or more credible witnesses, that he attached the property. (Dig. Art. 32.)   The Sheriff states in his return that he executed the process "by "levying the within attachment in presence of John B. Costa "and A. B. McGill on lots No. 3," &c.   This return shows that the officer levied the attachment in the presence of witnesses.   Of course, it is intended that the persons named were witnesses of the fact that he did levy the attachment, as stated in the return.   The return, we think, sufficiently shows a compliance with the Statute in levying the attachment; and we

are of opinion that there is no error in the judgment and that it be affirmed.

Judgment affirmed.