## D. WILLIS v. LYMAN, SEARS & CO.

The affidavit for a writ of garnishment, (authorized by Art. 1337, Hart. Dig.) must be made by the plaintiff, his agent, or attorney. Although the petition for the writ be signed by "Fly and Fly, attorneys for the plaintiffs," an affidavit, made by B. F. Fly, who is not described in the affidavit as either the agent or attorney of the plaintiff, is not a compliance with the statute.

The court cannot judicially know that the person, who makes the affidavit, is one of the persons who signed the petition; nor will it look to the record, in the original suit, for information that should be in the affidavit.

Where a judgment has been obtained against several defendants, the affidavit, to authorize the garnishment, must state that *none of the defendants* has property, of which the debt can be made, &c.

The affidavit must state, that the defendant has no property, within the knowledge of the affiant, within the jurisdiction of the court, of which the debt can be made; it is not sufficient to say, that he has no property *within the county*, &c.

The same strictness should be required in respect to garnishments, as in cases of attachment; for garnishments are but a species of attachment, and they should not be sustained, unless in strict conformity with the requirements of the law.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

The facts are stated in the opinion.

*H. S. Parker*, for plaintiff in error.

*Fly*, for defendants in error.

BELL, J. We think that the judgment of the court below must be reversed, for the reasons embraced within the second assignment of errors.

Willis v. Lyman.

The second assignment of error, is, "that the affidavit to "petition, was not made by plaintiff, or his attorney; nor was "it in terms or substance of the statute, and hence not suffi- "cient to compel defendant to answer."

The statute, (Hart. Dig. Art. 1337,) requires that the affidavit for the writ of garnishment, shall be made by the plaintiff in the judgment, his agent, or attorney.

The petition, in the present case, is signed by "Fly and Fly, attorneys for plaintiffs," and the affidavit is made by B. F. Fly, who does not, in the affidavit, describe himself as either the agent or the attorney of the plaintiffs. The court cannot know that the person who makes the affidavit, is one of the persons who signed the petition as attorneys for the plaintiffs; nor will the court look to the records, in the original suit, to find information which ought to be contained in the affidavit itself.

The other error, presented by this assignment, is fatal to the judgment. The affidavit states that one of the defendants in the original judgment, Lyman C. Wright, has no property in the county, within the knowledge of affiant, &c. The statute requires that the affidavit shall state, that "the defendant or defendants hath, or have no property, &c." This seems to be a plain requirement, to the effect that, where there are two or more defendants in the judgment, the plaintiff in the judgment cannot call strangers to the judgment into court, to answer as garnishees of one of the defendants, without making affidavit, that none of the defendants has property, of which the debt can be made, &c. It is not sufficient, under the statute, for the affidavit to state, that the defendant or defendants, hath or have no property "*in the county*," of which the debt can be made. If the defendant or defendants, hath or have property anywhere within the jurisdiction of the court which renders the judgment, of which the debt can be made, then third persons, or strangers to the judgment, cannot be called in as garnishees.

There can be no good reason why the same strictness should not be required in respect to garnishments, as in other cases of

attachment; for garnishments are but a species of attachment. The writ of garnishment brings into court strangers to the judgment, or to the original suit, as the case may be, and subjects them to much inconvenience and hazard. It often happens, or to say the least, it sometimes happens, that garnishees are obliged to pay twice, because the court is not informed of all the facts in the particular case. For these reasons, proceedings against garnishees ought not to be sustained, unless they are in strict conformity with the requirements of the law.

In the present case, the affidavit does not appear to have been made by any person authorized by law to make it. It is insufficient, because it does not state that the defendants have no property, within the knowledge of the affiant, of which the debt can be made; and if Wright were the only defendant in the judgment, it would be insufficient, because it only states that he has no property, within the knowledge of the affiant, "within said county," meaning the county of Gonzales.

The assignment of errors reaches all these defects, and the judgment of the court below must therefore be reversed; which is done, and the cause is dismissed.

Reversed and dismissed.