LYNCH & LEWIS v. MARKOWITZ BROS. & STRAUSS.

(No. 1178, Op. Book No. 3, p. 340.)

APPEAL from Hopkins County. Opinion by WATTS, J.

§ 1312. *Garnishment; requisites of affidavit for.* Appellees recovered judgment against appellants, as garnishees, for an indebtedness due appellees by one Cannon. In their affidavit for garnishment they did not state the amount Cannon was indebted to them, and did not state that they believed appellants were indebted, etc., to Cannon. A motion to quash the proceedings because of these omissions in the affidavit was overruled. *Held,* the affidavit should have stated the amount of the debt claimed to be due and owing by Cannon, and should also have stated that the affiant " does believe " that the garnishees were indebted to Cannon. In proceeding by garnishment, the statute should be followed with reasonable strictness. To authorize the writ the affiant is not only required to swear that he has reason to believe that the

garnishee is indebted to the debtor, but also that he does believe it. Nor is it intended that reference should be made to any other matter or proceeding to ascertain and determine the amount of the indebtedness claimed to be due and owing by the defendant in the original suit; but the amount of such indebtedness should be shown by the affidavit made to obtain the writ. The affidavit must state the facts upon which the statute authorizes the writ to issue, and where this is not done, upon proper motion the affidavit will be quashed and the proceedings dismissed. [Willis v. Lyman, 22 Tex. 268.]

December 14, 1881.          Reversed and dismissed.