[Opinion adopted November 7, 1884.]

---

## LEWIS & BAKER v. B. C. STEWART.

### (Case No. 1603.)

1. ATTACHMENT — AFFIDAVIT. — The statutory grounds for attachment which must be sworn to may be verified by the affidavits of two different attorneys, each attorney swearing to different facts, provided the two affidavits cover all the facts required to be sworn to by the statute to authorize the writ. In this case, one affidavit was to the justness of the debt and its amount, and the other covered the other statutory grounds for the writ.

2. SAME. — Section 3 of the final title of the Revised Statutes requires that they shall be liberally construed with a view to effect their objects and to promote justice. *Held*, that thus construed, under the statute which permits the issuance of a writ of attachment when the statutory grounds are sworn to by an "attorney," it is competent for two attorneys to verify, each knowing distinct facts which must be stated, but which are unknown to the other.

3. CONSTRUCTION OF STATUTE. — The Revised Statutes (art. 3138, subd. 4) provide that the singular number, when used in the language of a statute, shall include the plural, unless otherwise provided.

4. ATTACHMENT. — Where the existence of the causes for the issuance of an attachment was sworn to by two different attorneys for the plaintiff, and one affidavit was made four days after the other, it was held that the difference in time was too small to invalidate.

APPEAL from Fort Bend. Tried below before the Hon. Wm. H. Burkhart.

The case is explained in the opinion.

*Peareson & McCamly*, for appellant, cited: R. S., arts. 152, 159, 3138, and General Provisions, sec. 3, p. 718, arts. 3, 5, 6; O. & W. Dig., arts. 22, 23; Espey *v.* Heidenheimer, 28 Tex., 668; Drake on Attach., secs. 83–105.

*W. L. Davidson*, for appellee, cited: Morgan v. Johnson, 15 Tex., 568; Marshall v. Alley, 25 Tex., 342; Culbertson v. Cabeen, 29 Tex., 247; Campbell v. Wilson, 6 Tex., 379; Wright v. Ragland, 18 Tex., 289; Burch v. Watts, 37 Tex., 135; Sydnor v. Chambers, Dallam, 601; Raguet v. Nixon, id., 386; Sloo v. Powell, id., 467; Gregg v. York, id., 528; Wooster v. McGee, 1 Tex., 17; Chevallier v. Williams, 2 id., 239.

Willie, Chief Justice.— Our Revised Statutes authorize a writ of attachment to issue, upon the plaintiff, his agent or attorney, making an affidavit in writing that the defendant is justly indebted to the plaintiff, and the amount of the demand; that the defendant is not a resident of the state; that the attachment is not sued out for the purpose of injuring or harassing the defendant, and that the plaintiff will probably lose his debt unless such attachment is issued. Affidavit was made to all these facts in the present case, but the attachment was quashed below because some of the facts were sworn to by one attorney of the plaintiff and the remainder by another of his attorneys. Each attorney swore to such facts as were within his personal knowledge, and the two affidavits combined made out a clear case for the writ of attachment. The point made against the attachment is, that every fact required to justify its issuance should have appeared in the same affidavit and should have been sworn to by the same person.

We believe this exact question has never been adjudicated,— at least we have found no authorities directly in point. The case of Scram v. Duggan, W. & W. Dig., sec. 127, which comes nearest to the present, differs materially from it, however, in this: that one of the affidavits upon which it was sought to obtain the attachment was made for a wholly different purpose, the affidavit not having the writ in view at the time of making it. It was on this ground that the affidavit, although coupled with a partial one made by another person, was held insufficient. But in the present case both affidavits were made for the purpose of procuring the attachment, and were nearly contemporary in date. The one is to the justice of the debt and the other as to the statutory grounds of an attachment.

The objection to the affidavit rests upon a literal construction of the word "attorney," used in our Revised Statutes, art. 152, it being contended that, as the singular number is used, the affidavit cannot be made by two attorneys.

Courts have usually held parties suing out the writ of attachment to a strict compliance with the requirements of the statute

regulating such proceedings.    At the same time they have not generally exacted a literal following of the words of the law, but have frequently allowed parties to make use of equivalent language, or to make affidavits which in substance conformed to its requirements. See Drake on Attachments, sec. 107, and authorities there cited. In Trenton Bank v. Haverstick, 6 Halsted, 171, the supreme court of New Jersey held an affidavit good which was made by the attorney at law for a bank, although the statute required all affidavits for attachment to be made by the plaintiff himself.    This decision was based upon the necessity of the case, as the bank could not in person make the affidavit, and the facts in it might not be known to the president or any of its officers.    Still a literal construction would have made the affidavit void; and if held to such construction no state of circumstances left unprovided for by the statute could have authorized any other person than the one named in it to make the oath.

In our own state we find many relaxations of the rule in favor of a substantial compliance with the statute.    Thus whilst it was held that our statute requires the petition in attachment to be sworn to by the party applying for the writ (Caldwell v. Haley, 3 Tex., 317), yet attachments have always been upheld, though the petition was not sworn to, if the affidavit included the material, issuable matters of the petition, and the ordinary oath taken for an attachment has been construed to include all such matters.    Schrimpf v. McArdle, 13 Tex., 368; Primrose v. Roden, 14 Tex., 1.

Again, whilst the statute required that the amount of plaintiff's demand should be sworn to, an affidavit was held good which merely stated that the defendant was indebted to the plaintiff in the several sums of money mentioned in the petition.    Morgan v. Johnson, 15 Tex., 568.

Other instances of a similar character might be cited.    The courts of this state as well as of others seem to hold that where the object is fully attained by the means prescribed in the statute, it is not absolutely essential that the strict letter of the law should be closely followed.

But whether this was the correct rule of decision previous to the adoption of our Revised Statutes, there can be no doubt but that we are now bound to apply it to cases arising since they became of force.

By section 3 of the final title of the Revised Statutes it is provided that they shall be liberally construed with a view to effect their objects and to promote justice.    Under this provision we have

exacted strictness in attachment proceedings only so far as to re-
quire a substantial compliance with the material provisions of the
law. Dunnenbaum v. Schram, 59 Tex., 281; Espey v. Heiden-
heimer & Bro., 58 Tex., 662.

The object of the statute is to enable a plaintiff to secure his debt
by a seizure of the defendant's property before judgment. The
debtor is protected against an illegal use of the writ of attachment
by requiring the plaintiff or those representing him to make such an
oath as will subject the affiant to an indictment for perjury if it be
false in any respect. The defendant is indemnified against loss by
the bond which must be given before the writ can issue. The affi-
davits in this case are positive in their terms, and the party taking
either is liable to an indictment for perjury if the facts to which he
swears or any of them are not true. The appellee, therefore, is as
fully protected against false swearing of the attorneys of the appel-
lant as if the entire facts were sworn to by only one of them.

But the statute is as much for the benefit of the plaintiff in giving
him the writ in a proper case as it is for the protection of the de-
fendant against its use in an improper one. Yet in a large number
of cases the practical result of requiring one person to swear to all
facts necessary to procure the writ would be to deny it altogether,
though the plaintiff might be fully entitled to its benefits. It seldom
happens that one person knows of his own knowledge all the facts
required in the affidavit. Hence if required to state them, he could
do so only upon information and belief. But this court has held this
insufficient, and requires that the party making the affidavit shall
state facts from his positive knowledge and not from the informa-
tion of others. Sydnor v. Totham, 6 Tex., 189. Unless, therefore,
each fact can be sworn to by the agent who knows it, the plaintiff
cannot obtain the writ in such cases though clearly entitled to it.
To require every fact to be supported by the affidavit of the same
person is to encourage positive swearing to facts not within knowl-
edge of the affiant, and to withdraw in a measure the protection
which is afforded defendants against illegal and unjust attachments.

But the Revised Statutes themselves settle the point made, that the
affidavit must be made by a single agent or attorney of the plaint-
iff. It is provided in art. 3138 that the singular number shall in-
clude the plural unless otherwise provided. If we can use the plural
" attorneys " for the singular " attorney " whenever necessary to
effect the object of the statute and promote justice, there will be no
difficulty in upholding affidavits such as the present, made by two
attorneys, which together fulfil the requirements of the law.

The state of Iowa has a similar provision as to the singular and plural numbers when used in its statutes. It is also required by its statutes that an attachment bond shall be given with " sureties." The courts there hold that the plural importing the singular, one surety to the bond is sufficient. By all the rules governing attachments, as much strictness is required in reference to bonds as in affidavits.

If much time had'elapsed between the taking of the affidavits, some question might arise as to their sufficiency, as the facts in one affidavit might have ceased to exist before those in the other occurred. But only four days elapsed between them, the first being made at the city of Austin and the second in the county of Ft. Bend, and we think that the difference in their dates is too insignificant to invalidate them.

We think the affidavits were sufficient to authorize the attachments, and that the court erred in sustaining the motion to dissolve, for which error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 11, 1884.]