## MOORE BROS. v. CORLEY & BROWN.

### (No. 6560.)

ERROR from McLennan County. Opinion by WILLSON, J.

MOORE & MOORE, counsel for appellants.

A. C. PRENDERGAST, counsel for appellees.

§ **138.** *Attachment; variance between amount sued for and amount claimed in affidavit for writ of; effect of; pleading; amended petition takes place of original.* Plaintiffs in error sued defendants in error upon an account for merchandise sold and delivered, claiming bal-

ance of $488.44, At the institution of the suit, plaintiffs in error sued out an attachment, which was levied upon property of defendants in error. Upon motion of defendants in error, said attachment was quashed, and a trial upon the merits resulted in a judgment for plaintiffs in error against the firm of Corley & Brown, and. Corley individually, for $488.44, and interest, and in favor of defendant in error upon his plea of minority. In an amended petition it is alleged that the indebtedness sued for became due March 18, 1888. Plaintiffs in error's original petition was filed February 4, 1888, before said indebtedness was due, and the attachment was issued same day.

Plaintiffs in error assign the quashing of the attachment proceeding as error. We think the proceeding was properly quashed upon the ground that there is a material variance between the amount of the debt sued for and that claimed in the affidavit for the writ. The amount sued for is $488.44, while the amount stated in the affidavit and writ is $508.82. This variance is fatal to the validity of the proceeding. [Joiner v. Perkins, 59 Tex. 300.] In passing upon this question, we must be controlled by the amended petition, as it takes the place of the original, and we can no longer consider the allegations in the original. [Rule 14 for District and County Courts.]

§ **139.** *Attachment proceeding; quashing of; effect of on suit brought for debt not due.* Holding, as we do, that the attachment proceeding was properly quashed, we must further hold that the suit also should have been dismissed because it was prematurely brought; the indebtedness not being due at the time of the filing of the original petition, as shown by the allegations in the amended petition. When the attachment proceeding failed, the suit itself should have gone with it, because the right to institute the suit at the time it was instituted depended upon a valid attachment proceeding.

[Snyder v. Totham, 6 Tex. 189; Focke v. Hardeman, 67 Tex. 173.] Even if a portion of the indebtedness sued for was due at the time of the institution of the suit, the portion due was a less amount than $200, and therefore not within the jurisdiction of the county court; and the suit should have been dismissed as to such portion for the want of jurisdiction.

June 18, 1890.            Reversed and dismissed.