### BRIDGET McMAHON vs. EZRA K. PERKINS.

#### PROVIDENCE—MAY 18, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice. Writs. Affidavits. Attachment. Defective Process.*

An affidavit to a writ of attachment against several defendants, under the provisions of Pub. Stat. cap. 206, § 12, is not defective by reason of averring a claim against *the defendant,* in the singular. It conforms exactly to the statute, which is to be construed by Pub. Stat. cap. 24, § 3, the so-called statute of constructions.

(2) *Judgments. Clerical Defects in Record.*

Where a court has jurisdiction to enter judgment, and the record shows a claim against two defendants, it is not avoided by a clerical error in omitting to insert the letter "s" after the word *defendant* in the printed judgment-roll.

(3) *Pleading and Practice. Misjoinder of Actions.*

A declaration is not defective in joining a general count against a husband and wife with a special count against them on the antenuptial debt of the wife. Both counts set out a joint indebtedness.

TRESPASS AND EJECTMENT. This action was commenced

by the plaintiff to recover premises sold under execution in an action against the daughter of the plaintiff joined with her husband on the antenuptial debt of the daughter. The plaintiff claimed under a deed from her daughter. The judgment-roll of the District Court, printed in blank, showed that the letter "s" had been omitted after the word *defendant* in the blank. The further facts in the case appear from the opinion. Heard on petition of plaintiff for a new trial, and new trial denied.

STINESS, J. The plaintiff claims that the defendant's title, based upon an attachment sale, is void.

(1)     First. Because the affidavit on the writ was defective. The action was brought against husband and wife for an antenuptial debt of the wife. The affidavit stated that the plaintiff had a claim against the *defendant*, instead of *defendants*. The plaintiff claims that the use of the singular instead of the plural number made the affidavit void, because it did not comply with the statute, Pub. Stat. cap. 206, § 12, and did not aver a claim against both defendants.

The affidavit, in this respect, conforms exactly to the statute, which uses only the word *defendant*. The statute of construction, Pub. Stat. cap. 24, § 3, provides that the singular number should include the plural, and *vice versa*. But the same construction which would apply to the statute would, of course, apply to the affidavit made literally according to its terms. It is not like the case of the omission or change of words which the statute requires, as in *Greene* v. *Tripp*, 11 R. I. 424; *Farrow* v. *Dutcher*, 19 R. I. 715. The present case is more like *Stokes* v. *Potter*, 10 R. I. 576, where the affidavit in the words of the statute was sustained, although the allegations were in the alternative. In *Stearns* v. *Hemenway*, 162 Mass. 17, the word "debtor" in an affidavit was construed to mean "each debtor." So the word "defendant" in this case may be construed to include the parties defendant. See also *Abbott* v. *Tucker*, 4 Allen (Mass.), 72. The plaintiff cites cases to the contrary, but as they

depend upon the construction of differing statutes we need not attempt to reconcile them with the construction of our own statute.

(2)	The same reasoning applies to the entry of the judgment in the District Court, where the letter "s" was omitted after defendant.	The record of the judgment, however, shows a claim against both defendants, and it is not therefore avoided by reason of an evident clerical error.	It was, in fact, a judgment against both defendants.	The affidavit being sufficient, the court had jurisdiction to enter the judgment, and its confirmation and issue of execution, after failure of an appeal, were in conformity to Pub. Laws, cap. 832.

(3)	The plaintiff also objects to the validity of the judgment because the declaration set out distinct causes of action, one a joint indebtedness and the other a debt contracted by the wife.	The joint indebtedness, so-called, is simply a general count that both defendants were indebted to the plaintiff. Then follows a special count, setting out the antenuptial debt.	For such a debt husband and wife were properly sued jointly.	Dicey on Parties, *297 ; 2 Bishop's Law of Mar. Women, § 310.	Both counts, therefore, set out a joint and not distinct indebtedness.

We find no error in the decision of the case, and the petition for a new trial is denied.

*Charles E. Gorman,* for plaintiff.
*John W. Hogan,* for defendant.