## J. F. BURGE ET AL. V. BEAUMONT CARRIAGE COMPANY.

Decided October 16, 1907.

**1.—Garnishment Bond—Amount—Practice.**

Even if it is the duty of an Appellate Court to enter into a mathematical calculation to determine whether or not a garnishment bond is in an amount a few dollars more or less than required by statute, this certainly can not be required when the question as to the sufficiency of the bond is raised for the first time on appeal. Though the bond be for a few dollars less than is required by statute it is not such fundamental error as requires consideration on appeal in the absence of an assignment of error based thereon.

**2.—Assignment of Error—Insufficiency.**

Where the assignment of error and the propositions thereunder amount simply to a charge that the court erred in refusing to quash the garnishment proceedings, and in the motion to quash eight grounds are set out, the Appellate Court will not consider the assignment.

**3.—Garnishment—Two Defendants—Affidavit.**

Where, to a suit in which a writ of garnishment was sued out there were two defendants, but it appeared from the petition that the indebtedness which it was sought to garnish was ae to only one of said defendants, an averment in the affidavit that he "writ of garnishment is not sued out to injure either the defendant r . e garnishee," was sufficient. It was not necessary for the affidavit to tate hat the writ was not sued out to injure either of the defendants or the garnishee.

**4.—Garnishment—Affidavit—Amount Due.**

The petition in a garnishment suit may be looked to in aid of the averments of the affidavit as to the amount due. The fact that the amount stated in the affidavit is less than that stated in the petition, is not ground for quashing the garnishment proceedings.

**5.—Maturity of Debt—Conditional Extension.**

An agreement to extend the maturity of a note on condition that a certain payment was made thereon, is not binding unless the condition is complied with.

**6.—Garnishment—Application for.**

No formal and separate application for a writ of garnishment is necessary. If the affidavit is complete and contains the requisites for an application it is not necessary to ask in so many words that the writ issue.

**7.—Garnishment—Bond—Payees.**

A defendant whose property is affected by garnishment proceedings can not complain that the garnishment bond is made payable to his codefendants as well as himself.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Carlton & Proctor, E. E. Townes* and *Chester & Da Ponte,* for appellants.—The proceedings in this case are invalid and should have been quashed for the reason that the garnishment bond is for a penal sum less than double the amount of plaintiff's claim. Rev. Stats., art. 218.

A proceeding by writ of garnishment is purely statutory and the statute must be strictly followed and complied with, and a failure to comply with the statute in any particular, renders the proceeding based thereon liable to be quashed on motion. Scurlock & Rutledge v. G. C. & S. F. Ry. Co., 77 Texas, 481; Givens v. Taylor, 6 Texas, 315; Blum v. Moore, 91 Texas, 276; City Natl. Bank of Dallas v. Flippen, 66 Texas, 611.

Every fact required by the statute to be sworn to by the applicant upon the issuance of a writ of garnishment in his behalf, must be sworn to in such definite and positive form that a conviction for perjury could be had if the facts sworn to should be proved false. In other words, equivocal and ambiguous statements in an affidavit for garnishment are not sufficient. Bowers v. Continental Ins. Co., 65 Texas, 51; Dunnenbaum & Friedlander v. Schram & Co., 59 Texas, 282; Kildare Lumber Co. v. Atlanta Bank, 91 Texas, 103.

A party applying for a writ of garnishment against two defendants, must swear positively that the writ is not sued out for the purpose of injuring or harassing either one, or both of said defendants. Ball v. Bennett, 21 Texas Civ. App., 400; Kildare Lumber Co. v. Atlanta Bank, 91 Texas, 103; Perrill v. Kaufman, 72 Texas, 214; Gunst v. Pelham, 74 Texas, 588; Sarrazin v. Hotmann, 16 Texas Civ. App., 351.

The plaintiff in a suit against two or more defendants is not entitled to a writ of garnishment unless each and every one of the defendants singly, or the defendants collectively, are without sufficient property in this State to satisfy plaintiff's claim. If any of them has sufficient property, the writ should not issue. Willis v. Lyman, 22 Texas, 269; Ball v. Bennett, 21 Texas Civ. App., 400; Kildare Lumber Co. v. Atlanta Bank, 91 Texas, 103.

The amount of plaintiff's debt must be either stated specifically in the affidavit, or the facts therein stated must be of such a character that the amount of said claim can be readily ascertained from them. Sullivan v. King, 80 S. W. Rep., 1048; Lynch & Lewis v. Markowitz Bros. & Straus, 1 W. & W., 763, sec. 1312.

A variance between the amount stated in the affidavit for the writ of garnishment, and the amount of the claim stated in plaintiff's petition, vitiates the garnishment proceedings. Sullivan v. King, 80 S. W. Rep., 1048; Hamblen v. Tuck, 45 S. W. Rep., 175; Espey v. Heidenheimer Bros., 58 Texas, 664; Moore v. Corley, 4 Texas App. Civ., 200; Focke v. Hardeman, 67 Texas, 175-6.

The court erred in refusing to quash the garnishment proceedings and writ, for the reason that no application or prayer for the issuance of said writ of garnishment was made other than by the filing of the affidavit and bond, which application was essential and necessary in this case on account of the ambiguity in, and the variance between the affidavit and the bond as filed in the writ as issued. Revised Statutes, art. 219; Scurlock & Rutledge v. G. C. & S. F. Ry. Co., 77 Texas, 481-2; Harrington v. Edrington, 38 S. W. Rep., 246; Sullivan v. King, 80 S. W. Rep., 1048.

A bond payable to two parties is more onerous than a bond payable to only one, and where the statute requires that the bond be payable to only one, and the bond is actually made payable to two, it is void. Revised Statutes, art. 218; Wooters v. Smith, 56 Texas, 200 (209-210); Colorado City Natl. Bank v. Lester & Hazzard, 73 Texas, 543; Gregory v. Goldthwaite, 2 Texas Civ. App., 288.

*G. P. Dougherty* and *Teagle & Conley,* for appellee.—This garnishment proceeding is against but one defendant, to wit, J. F. Burge, and the mentioning of the name of R. T. Burge in the writ and bond for garnishment is surplusage, and, not being inconsistent with the substantial averments of the statute, will not vitiate the proceeding. Articles 217, 219, Sayles' Civil Statutes; McMahan v. Boardman, 29 Texas, 170; Biesenbach v. Key, 63 Texas, 79; Tanner Co. v. Hall, 22 Fla., 397, 399; Drake, Attachment, section 105, and cases cited, and section 130 (5th ed.).

In determining whether there are two defendants in the garnishment proceedings, the court will look to all the pleadings, including the pleadings in the original suit. Tarkinton v. Broussard, 51 Texas, 550; Kildare Lumber Co. v. Atlanta Bank, 91 Texas, 95; Fleming v. Pringle, 21 Texas Civ. App., 228; Moore v. Corley, 4 Texas App. Civ., 200; Sanger v. Texas Gin Co., 47 S. W. Rep., 740; First Nat. Bank v. Wallace, 65 S. W. Rep., 392.

Where the principal of the debt is stated in the affidavit and interest is claimed on the principal, but the rate, date and time of interest is omitted, the court will look to the pleadings to cure the deficiency in the affidavit and to make the same certain. Fleming v. Pringle, 21 Texas Civ. App., 228; Sullivan v. King, 10 Texas Ct. Rep., 441; Evans v. Lawson, 64 Texas, 199; Dwyer v. Testard, 65 Texas, 432; Stewart v. Heidenheimer, 55 Texas, 648.

A variance in the amount stated in the affidavit and application for the writ of garnishment and the amount of the claim as stated in the petition will not vitiate the garnishment proceeding, when the affidavit and application is for an amount less than that stated in the petition. Evans v. Lawson, 64 Texas, 199; Aultman v.

Smyth, 43 S. W. Rep., 932; Smith v. Mather, 49 S. W. Rep., 257; Dwyer v. Testard, 65 Texas, 432; Hamblen v. Tuck, 45 S. W. Rep., 175.

The statement of the amount of the debt in the writ of garnishment is not essential to the validity of the writ, and is surplusage. Article 220, Sayles' Civil Statutes; Curtis v. Henrietta Bank, 78 Texas, 260; Curtis v. Ford, 78 Texas, 262.

It is not necessary that the amount of the indebtedness should be alleged in the affidavit and application for garnishment, and such allegations are surplusage. Articles 219, 217, 220, Sayles' Civil Statutes; 14 Am. & Eng. Ency. of Law, 754; Godfrey v. Newby, 39 S. W. Rep., 594; art. 186, Sayles' Civil Statutes; art. 194, Sayles' Civil Statutes; Hamblen v. Tuck, 45 S. W. Rep., 175; Joiner v. Perkins, 59 Texas, 300; Moore v. Corley, 4 Texas App. Civ., 200; Tobler v. Stubblefield, 32 Texas, 189; Act March 23, 1850, Paschal's Statutes, art. 157; Kelly v. Gibbs, 84 Texas, 147; Farrar v. Bates, 55 Texas, 193; Curtis v. Henrietta Bank, 260; Rood on Garnishment, sec. 252.

A garnishment bond made payable to other persons in addition to the defendant, whose money is garnisheed, is not thereby invalidated. Sloo v. Powell, Dallam, 467; Voorheis v. Eiting, 22 S. W. Rep., 80; Willifred v. State, 17 Texas, 653.

FLY, Associate Justice.—This is a suit instituted by appellee against R. T. Burge and J. F. Burge, promissory notes signed "J. F. Burge, per R. T. Burge, attorney," being the basis of the suit. It is alleged that R. T. Burge had the authority to execute the notes as the attorney of J. F. Burge, and "if he had such authority, then plaintiff seeks to recover against said J. F. Burge alone, but if no such authority existed, then plaintiff asks judgment against the said R. T. Burge." After the original suit had been instituted, a writ of garnishment was applied for and obtained, against the German Alliance Insurance Company, to which the garnishee filed an answer admitting that it was indebted to J. F. Burge in the sum of $1530. The funds held by the garnishee were replevied by J. F. Burge, the replevy bond being signed J. F. Burge, per R. T. Burge, attorney, as principal and Marvin Scurlock and W. F. Keith as sureties. A motion to quash the garnishment proceedings was filed by J. F. Burge and R. T. Burge, which was overruled. The bond for garnishment was not attacked on the ground of insufficiency in amount. The cause was tried by jury and resulted in a verdict and judgment, in the original suit, against J. F. Burge in the sum of $2416.64, and in favor of R. T. Burge. Afterwards the garnishment suit was tried and resulted in a judgment against the principal and sureties on the replevy bond in the sum of $1530, being the amount owing to J. F. Burge by the garnishee which was replevied by him.

The first contention of appellants is that the garnishment proceedings are invalid and should have been quashed for the reason that the garnishment bond is for a sum less than double the amount of appellee's claim, and that such error is fundamental and should

be considered although not raised in the trial court, nor specifically assigned as error in this court. A calculation is made to show that the amount of appellee's claim was $2302.90, and that the bond should have been for $4604.80 instead of $4600, the amount for which it was given. A calculation is made by appellee in which it appears that the amount claimed was $2296.79, and consequently that the bond was for $6.42 more than double that amount. This court can not be expected to enter into mathematical calculations to determine whether a bond is a few dollars below or above the amount required by statute, and should this be a duty devolved upon it, in a proper case, it can not be demanded in a case where a motion to quash on the ground of insufficiency in the amount is sprung for the first time on appeal. Seinsheimer v. Flanagan, 17 Texas Civ. App., 430. It may be that the bond lacks a few dollars in being double the amount of the sum claimed, but if that be true, it is not such error as goes to the foundation of the action and should not be considered unless properly assigned. Wilson v. Johnson, 94 Texas, 276.

The first assignment of error is as follows: "The court erred in refusing to quash the garnishment proceedings and writ in this cause and in overruling defendant Burge's motion to quash said garnishment, for the reason that the plaintiff wholly failed to comply with the provisions of the Revised Statutes of the State of Texas, and with the law relating to garnishment proceedings." As general as that assignment of error is, it is followed by two propositions fully as general in their scope. They state abstract propositions of law and make no effort to specify the errors in the garnishment proceedings. In the motion to quash, eight grounds are set out, and an appellate court can not go into a consideration of all those grounds under a general assignment that the court erred "in refusing to quash the garnishment proceedings." Falls Land Co. v. Chisolm, 71 Texas, 523; Hansen v. Yturria (Texas Civ. App.), 48 S. W. Rep., 795.

The second assignment points out as error the action of the court in refusing to sustain an objection to the statement in the affidavit that the "writ of garnishment is not sued out to injure either the defendant or garnishee," the contention being that it should have stated that the writ was "not sued out to injure either of the defendants or the garnishee." It will be remembered that the indebtedness was alleged in the petition to be that of J. F. Burge as evidenced by promissory notes executed by him through his attorney, R. T. Burge, and the latter was sought to be charged only in case it was shown that he had no authority to sign the name of J. F. Burge to the notes. In the affidavit for the writ of garnishment it is stated that the affiant believed that the garnishee was indebted to "the defendant, J. F. Burge," and that statement was followed by the further statement that the writ was not sued out to injure "either the defendant or garnishee." It could not and should not have had any reference to any one except the person whose property was to be held by the writ of garnishment. The fact that the bond was made payable to both and that the

writ commanded that the garnishee make known what amounts he was indebted to either of the parties could not render the affidavit invalid. The property of but one man was sought to be subjected to the writ of garnishment and that man alone was to be protected by affidavit and bond, and had there been a dozen or more defendants the man whose property was to be seized was the only one concerning whom there was required a disclaimer as to an intention to inflict injury. If the parties had been sued on a joint indebtedness, and there had been an effort to secure the property of both, the affidavit would be defective, but not under the pleadings in the original action nor the application for the writ of garnishment. In the cases referred to defendants had been sued on joint liabilities and the property of each was sought to be reached by the writ of garnishment. Perrill v. Kaufman, 72 Texas, 214; Gunst v. Pelham, 74 Texas, 586; Kildare Lumber Co. v. Atlanta Bank, 91 Texas, 95. An examination of those cases will show that in each there were two or more defendants and that attachments were sued out against the property of each one, and of course they have no application to a case like this. The law does not prescribe unreasonable requirements, and it would be unreasonable in a case where the liability of one man is sought to be established, to require that the plaintiff swear that another person, with no joint liability, but who is joined in the suit on precautionary grounds alone, has no property, or that the garnishment is not sued out to injure him. The affidavit did not include him, and he could not possibly have been injured by the suing out of a writ of garnishment against another with whom he was not charged to be jointly liable.

There is no merit in the fourth and fifth assignments of error. In the petition the total amount due on the notes is not set out. The rate of interest is alleged in the petition. In the affidavit the amount claimed is described as "$1903 with 10 per cent. attorney's fees thereon besides interest." In the writ the amount is described as "$1903 with 10 per cent. attorney's fees besides interest." It seems that the amounts due on the different notes, as alleged in the petition, when added amount to a sum greater than the sums set forth in the affidavit.

The amount ascertained by a mathematical calculation of the amounts due on the different notes, shows an amount about fifty dollars in excess of the sum set out in the affidavit for garnishment, but it may be said that we have seen no case in which it has been held that under such circumstances the variance would be fatal to the affidavit for garnishment. On the other hand there are decisions in attachment cases in which it has been held that where the amount stated in the affidavit was for a less sum than that named in the petition it was not cause for quashal of the attachment proceedings. Evans v. Lawson, 64 Texas, 199; Dwyer v. Testard, 65 Texas, 432; Aultman v. Smyth (Texas Civ. App.), 43 S. W. Rep., 932. In the Evans-Lawson case it is said: "The attachment issued for no more than was sworn to be the indebtedness, and we are of the opinion that this was sufficient to authorize

the attachment, notwithstanding the petition showed a larger indebtedness."

It is settled in this State that the petition can be looked to in aid of the statements as to amount due made in the affidavit. Morgan v. Johnson, 15 Texas, 568; Gray v. Steedman, 63 Texas, 95; Cleveland v. Boden, 63 Texas, 103; Willis v. Mooring, 63 Texas, 340. In the case of Cleveland v. Boden, the affidavit for attachment stated that "the defendants are justly indebted to Wm. D. Cleveland in the sum of $933.30, and interest, due December 1, 1883." The court held that the rate of interest could be ascertained by reference to the petition. So, in this case the principal being given as $1903 in the affidavit, the rate of interest can readily be obtained from the petition.

There is no merit in the sixth assignment of error. The allegations in the petition show that the debt was due and judgment had been rendered for it. The consideration for an extension of time had not been paid and no extension had been given.

The seventh assignment is overruled. It is too well settled to require further discussion, that the application for the writ of garnishment need not be separate from the affidavit. As the affidavit could not have been filed for but one purpose, it was sufficient although it did not state specifically that a writ of garnishment was applied for. As said in the case of Orr v. Thompson (Texas Civ. App.), 36 S. W. Rep., 1129: "No formal and separate application for a writ of garnishment is necessary. If the affidavit is complete, and contains the requisites for an application, . . . it is not necessary to ask in so many words that the writ issue."

Appellants have no cause to complain that the bond for garnishment was made payable to both of them. It fully protected J. F. Burge, whose money was stopped in the hands of the garnishee, and he can not be heard to complain that it extended to some one else whose property was not seized. United States Fid. & Guar. Co. v. Warnell (Texas Civ. App.), 103 S. W. Rep., 690. The judgment is affirmed.

*Affirmed.*

Writ of error refused.