### N. B. DOTY ET AL. v. SAM MOORE.

*No. 1860. Decided October 28, 1908.*

**1.—Statutory Construction—Attachment.**

The rule that in the construction of statutes the singular and plural number shall each include the other (Rev. Stats., art. 3268) applied to the law governing attachments. (P. 49.)

**2.—Attachment—Affidavit—Injury to Defendants.**

An affidavit for attachment against several defendants which states that the writ "is not sued out for the purpose of injuring or harassing the defendants" is a sufficient compliance with the statute requiring same, without adding the words "or either of them." (P. 49.)

Question certified from the Court of Civil Appeals for the Sixth District in an appeal from Jefferson County.

*Crook, Da Ponte & Lanham,* for appellants.—Where there are two defendants the affidavit for the writ of attachment should state that the attachment is not sued out to injure the defendants, or either of them, and if it fails to do so, as in this case, is fatally defective. Kildare Lumber Co. v. Atlanta Bank, 91 Texas, 95; U. S. F. & G. Co. v. Warnell, 103 S. W., 690; Ball v. Bennett, 21 Texas Civ. App., 399; Sarrazin v. Hotmann, 16 Texas Civ. App., 351.

*Fleming & Fleming* and *Glass, Estes & King,* for appellee.—The court did not err in refusing to quash the writ of attachment on the grounds alleged that the words "or either of them" should have been used after the words "the defendants," in the one instance, and that the words "or either of them" should have been used after the word "they" in another place in the affidavit. Subdivision 4, art. 3268, Revised Statutes, 1905; Weis Bros. v. Chipman, 3 Texas Civ. App., 106; Corrigan v. Nichols, 6 Texas Civ. App., 26; Lewis & Baker v. Stewart, 62 Texas, 352; Hughes v. Wright & Vaughn, 100 Texas, 511; Bridges & Son v. Bank of Center, 105 S. W., 1018.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

A certificate from the Court of Civil Appeals presents a case and a question which may be stated briefly as follows: Appellee brought the suit against several defendants, who are the appellants, claiming an indebtedness from them to him, and sued out an attachment in the affidavit for which the statement was made that the attachment "is not sued out for the purpose of injuring or harassing the defendants." The question is certified, whether or not the affidavit was bad because the words, "or either of them," or others of like meaning, were not inserted after the word "defendants," so as to show that the purpose did not exist as to either of the defendants. The question is made pertinent by the suggestions contained in the opinions in Perrill v. Kaufman (72 Texas, 215-16), and Kildare Lumber Co. v. Atlanta Bank (91 Texas, 103). It was not authoritatively determined in either of those cases and we are free to decide it as an open question.

The attachment statute provides that the affidavit shall state "that the attachment is not sued out for the purpose of injuring or harassing the defendant." By article 3268, Revised Statutes, it is provided that in the construction of all civil statutes "the singular and plural number shall each include the other unless otherwise expressly provided." That this rule obtains in the construction of the attachment law is expressly held in Lewis & Baker v. Stewart, 62 Texas, 352. We must therefore read the quoted clause of the last named statute as if it read, "defendant or defendants," and it follows that an affidavit using "defendants," when there are more than one, strictly complies with the provision. We should have to go beyond the legislative requirement to hold that the words, "or either of them," must be added. This we do not feel that we have the right to do. When the party has sworn as much as the Legislature has required him to swear and has done the other prescribed things, he is entitled to the writ, and the courts can not properly require him to do more. It is true that sometimes it will not do to follow literally the language of the law. For instance, several grounds for an attachment are stated in the statute alternatively, but it is not permissible to follow this language in the affidavit, so that it will mean only that the one or the other of such grounds exist. The authority for this holding is found in the statute itself, which means that the affiant must swear positively to the existence of the particular cause or causes for which he asks the process. It is generally true, nevertheless, that

it is sufficient if the affidavit contain all the statute requires.   When the affiant makes such an oath, he should be held to mean what the statute means when it uses the language adopted by him.   When he swears that his purpose is not to injure or harass the defendants, he means what the statute means when it uses that language.   We must therefore answer that the affidavit is sufficient.