## SMITH et al. v. CITY NAT. BANK OF WICHITA FALLS.

(Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1911. On Motion for Rehearing, Nov. 23, 1911.)

GARNISHMENT (§ 87*)—AFFIDAVIT—BOND—REQUISITES.

Rev. St. art. 217, subd. 2, authorizing a garnishment writ where plaintiff makes affidavit that the debt sued for is just and unpaid, "and that defendant has not * * * property" sufficient to satisfy the debt, and article 3268, declaring that the singular and plural number in statutes shall each include the other, must be strictly construed, and a garnishment writ in an action against several defendants jointly and severally liable may not issue on an affidavit that a defendant named does not have property in the state subject to execution sufficient to satisfy the debt sued on, and where the bond is made payable to such defendant alone, but the affidavit must show that neither of defendants has property subject to execution, and the bond must be made payable to defendants.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 87.*]

Error from District Court, Wichita County; A. H. Carrigan, Judge.

Action by the City National Bank of Wichita Falls against C. H. Smith and others, in which a writ of garnishment was issued. From a judgment for plaintiff, defendants bring error. Reversed and garnishment dismissed.

See, also, 132 S. W. 527.

The City National Bank of Wichita Falls sued and obtained a judgment in the district court against C. H. Smith, A. B. Smith, L. M. Carnes, and J. H. Burns as principals on a

promissory note for $1,500, interest and attorney's fees. The judgment adjudged all the defendants to be jointly and severally liable for the amount of the indebtedness, and no point is here made that they were not jointly and severally liable for the debt. At the time of the filing of the suit the bank made affidavit and bond for a garnishment writ against Charles Givens, Fayett Cordon, and W. L. Underwood. The writ issued and was served. The only question made on appeal is as to whether the affidavit and bond in garnishment are sufficient to authorize the issuance of the writ of garnishment. Plaintiff in error C. H. Smith, a defendant in the original suit for debt, presented a motion to quash the bond and affidavit, and the motion was overruled by the court. Assignment of error is predicated upon the ruling of the court. The part of the affidavit for garnishment in controversy on appeal stated "that the defendant C. H. Smith has not within the knowledge of plaintiff property in his possession within this state subject to execution sufficient to satisfy such debt," etc. The bond was made payable to C. H. Smith.

W. H. Bullock, R. E. Carswell, and Robt. Carswell, for plaintiffs in error. A. A. Hughes, C. C. Huff, and J. H. Barwise, Jr., for defendant in error.

LEVY, J. (After stating the facts as above). The point made here is that, where there are several defendants charged with joint and several liability for a debt, as here, the affidavit, to authorize the garnishment, must aver that neither of the defendants has property within the state subject to execution sufficient to satisfy the debt, and the bond must be made payable to all of the defendants. Here, as seen, the plaintiffs merely averred in the affidavit that "the defendant C. H. Smith" did not have any property in the state subject to execution, and did not make any averment in respect to the other defendants. Article 217, subd. 2, R. S., under which the affidavit here was drawn, provides that a garnishment writ may issue "where the plaintiff sues for a debt and makes affidavit that such debt is just, due, and unpaid, and that the defendant has not, within his knowledge, property in his possession within this state subject to execution sufficient to satisfy such debt, and that the garnishment applied for is not sued out to injure either the defendant or the garnishee." Article 3268, R. S., fixes the rule for construction of statutes, and says: "The singular and plural number shall each include the other unless otherwise expressly provided." The Supreme Court answering a certified question in case of Doty v. Moore, 102 Tex. 48, 112 S. W. 1038, speaking to the affidavit required for attachment, says: "That this rule obtains in the construction of the attachment law is expressly held in Lewis v. Stewart, 62 Tex. 352. We

must, therefore, read the quoted clause of the last named statute as if it read 'defendant or defendants,' and it follows that an affidavit using 'defendants' when there are more than one strictly complies with the provision." In McMahon v. Perkins, 22 R. I. 116, 46 Atl. 405, an identical ruling was made. Following the same rule of construction as applicable to the present statute, it should be read, as stated in the Doty Case, "as if it read 'defendant or defendants.'" The words "the defendant," as used in the article, manifestly refer to the party defendant to the original suit, and not exclusively to any one particular defendant against whose funds and effects the writ was sought. So if the article should be read, and we think it should be, as saying "defendant or defendants" in the original suit, then it would include all the parties defendant. And in this interpretation the case of Willis v. Lyman, 22 Tex. 268, is precisely in point. In that case the affidavit for garnishment stated that Lyman C. Wright had no property. There were several defendants in the original judgment. The statute before the court required the affidavit to state that "the defendant or defendants hath or have no property." The court ruled that it was required, where there were several defendants in the original judgment, that the affidavit should aver that neither of the defendants has property within the state subject to execution. As the facts of that case and the instant one are the same, and the reading of the two garnishment statutes is the same under the construction required to be given the present one, then that case would clearly rule the present appeal, and we can see no good reason for not following it. It is not without good reason that the statute has provided that, before strangers to the debt or judgment can be brought into court and subjected to inconveniences and hazards of payment, it shall appear in the affidavit for garnishment that none of the defendants jointly and severally liable for the debt sued for shall have any property within the state subject to execution sufficient to satisfy the debt. If any one of the defendants liable jointly or severally for the debt had sufficient property that could be reached by execution, the plaintiff could collect his debt, and calling strangers into the suit would be unnecessary to the collection of the original debt. But, if none of the defendants have property, it then becomes necessary to allow the plaintiff the remedy of garnishment, though it be to the great inconvenience of strangers to the original suit. It is when the debt cannot be fully collected by execution against the property of those liable, either jointly or severally, and proceeding against garnishees is thereby made necessary to the collection of the plaintiff's debts, that the statute intends the writ to issue. So the reason underlying the requirement that none of the defendants have sufficient property that could be reached by execution before

resort can be had to garnishment is persuasive of the soundness of the construction that is here given the words of the article in hand. Defendant in error argues that it had the right to sue C. H. Smith alone, because he was either jointly or severally liable for the debt, and because thereof his funds could be reached by garnishment. The defendant in error, however, did not sue C. H. Smith alone, but sued all the makers and made them all defendants. And this made the record stand at the time of application for garnishment with several defendants in the suit alleged to be primarily liable for the debt. And the record as it stood at the time of the affidavit made it necessary that the affidavit should aver to all defendants in order to comply with the statute. Also the act of 1874 did not undertake to change the verbiage of or repeal the act in Hartley's Digest. Hartley's Digest allowed garnishment "where the plaintiff has judgment." The act of 1874 merely added another ground, as seen in subdivision 2, "where plaintiff sues for a debt." So it cannot be said that the Legislature intended to so change the law as to relieve it of the construction given in the Willis Case, supra.

It is an established rule that garnishment proceedings be strictly construed by the court, and that for a substantial defect appearing in the affidavit, or a failure to aver any statutory fact required by statute which entitles the plaintiff to the issue of the writ, the proceedings should be set aside. This applies as well to the bond. It follows that the judgment in garnishment should be reversed and the proceedings be dismissed, and defendant in error pay all costs of this court and of the district court in this respect; and it is accordingly so ordered.

Reversed and dismissed.

### On Motion for Rehearing.

In his motion defendant in error is insistent that the sense of the article of the statute under consideration forbids the holding made here that an affidavit averring that "the defendant C. H. Smith" did not have sufficient property in the state subject to execution, where there were several defendants charged in the suit with primary liability for the debt sued on, was not a compliance with the statute. If the affidavit had merely used the words "the defendant" without `the added words "C. H. Smith," then, applying the statutory rule for construction providing that the singular number may be extended to several, it is not doubted that the affidavit would have been sufficient. But by adding the words "C. H. Smith" it manifestly limited and confined the averment to this particular defendant, and there was no room to extend it beyond him. Defendant in error contends that the plain meaning of the article is that the plaintiff in the suit for debt need make affidavit only that the particular defendant, where there are several, whose property is sought to be reached by garnishment writ, has not sufficient property subject to be seized under execution. And that under such meaning he has complied with the statute. The plain and evident sense and meaning of the article we still think is to authorize the issuance of the writ only where the affidavit avers in words that would be construed to mean that no one of the several defendants charged primarily with owing the debt has sufficient property subject to execution. And we are still of the opinion that we have given the words "the defendant," as used in that article, that construction which best accords with the subject-matter to which they relate. The article requires the plaintiff to swear not only that the debt he sues the defendant for is just and due and unpaid, but that "the defendant" has not sufficient property liable to seizure to pay same. "The defendant" here refers to the party of whom the plaintiff is demanding the debt to be paid. It is a general term, including all the parties of whom the demand of payment of the debt is made. If there are several parties being sued and charged with primary liability as makers of the note, then the words "the defendant" would necessarily have to be applied to all of them. If they are all "the defendant" because sued as makers of the note, then the meaning and sense of the statute is not accomplished, unless the affidavit avers to the effect that none of the defendants sued as owing the debt have sufficient property to pay same. And, because of this construction, we have followed the case of Willis, supra. In our attachment laws we find the requirement to be that the plaintiff shall swear before he can have attachment issue that "the plaintiff will probably lose his debt unless such attachment is issued." Why this provision unless it be because none of the several defendants primarily owing the debt, if there be several, have sufficient property otherwise to pay it? If there are several defendants in the suit primarily and severally liable, then so long as one of the defendants in the suit has sufficient property in the state subject to execution, and is not trying to secrete or dispose of it, "the plaintiff" could not swear in truth that he "will probably lose his debt," though one of the other defendants may be secreting or disposing of his property. This is only for example. The same principle is in the garnishment law when it requires the affidavit to aver "that the defendant has not, within his knowledge, property in his possession, within this state, subject to execution, sufficient to satisfy such debt." It is because under such circumstances the plaintiff will probably lose his debt. The attachment only reaches the property of the debtor, and does not bring strangers into court as parties, as does garnishment.

There is a clear distinguishment between the instant case and the case of Burge v. Carriage Co., 47 Tex. Civ. App. 223, 105 S. W. 232, cited. There a note was signed "J. F.

Burge per R. T. Burge attorney." The suit was against J. F. Burge as maker, and, in the alternative, against the agent only in the event it was established that he executed the note without authority. Both parties there did not owe the debt according to the pleading, and it was so ruled. In that opinion there appear expressions which defendant in error relies on, but clearly it is dicta.

The motion for rehearing is overruled.