WELLS v. GLOBE FIRE INS. CO. et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1913. Rehearing Denied May 31, 1913.)

GARNISHMENT (§ 88*)—AFFIDAVIT—SURETY.

Where plaintiff sued the maker and indorser on certain vendors' lien notes, the liability of the indorser being several and secondary, plaintiff, in an affidavit for garnishment of a fund belonging to the maker, was only required to aver that he had no property to plaintiff's knowledge within the state subject to execution sufficient to satisfy the debt, and was not required to make the same allegation as against the indorser.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160–166; Dec. Dig. § 88.*]

Appeal from District Court, Collingsworth County; D. E. Decker, Judge.

Action by H. C. Wells against F. B. Buerger, in which a writ of garnishment issued against the Globe Fire Insurance Company. From an order dismissing the writ of garnishment plaintiff appeals. Reversed and remanded.

R. H. Templeton, of Wellington, for appellant. J. L. Lackey, of Wellington, for appellees.

HALL, J. Appellant filed this suit in the district court of Collingsworth county against appellee Buerger, as the maker of one promissory note and thirteen vendors' lien notes, and joined as defendant Martha Mooney, as indorser of the vendors' lien notes. It is alleged that the said notes were given for part of the purchase price of certain town lots in Wellington, upon which there was a house to which the vendors' lien attached; that said house had been destroyed by fire and $700 insurance adjusted on the same in favor of F. Buerger by the Globe Fire Insurance Company of San Antonio. A writ of garnishment was issued and served upon the insurance company. Appellee Buerger filed his motion in the garnishment suit to quash the affidavit and writ of garnishment because the affidavit does not allege that all of the parties defendant in said suit have not property within the knowledge of the affiant in this state, subject to execution, sufficient to satisfy said debt. The recital in the affidavit for garnishment is "that the defendant Fred Buerger has not within his (affiant's) knowledge property in his possession within this state, subject to execution, sufficient to satisfy such debt." The court sustained appellee's motion quashing the garnishment proceedings and ordering that appellee and the Globe Fire Insurance Company go hence without day and recover all costs incurred by reason of the issuance of the writ and filing of the proceedings. This ruling of the court is the basis of this appeal.

The question is submitted under a number of assignments, which it will not be necessary for us to consider in full. Levy, Justice, in Smith v. City Nat. Bank of Wichita Falls, 140 S. W. 1145, citing Willis v. Lyman, 22 Tex. 268, held that it was necessary for the affidavit to show that neither of the defendants had property subject to execution. Both of the cases, however, were based upon judgments in which the defendants were jointly and severally liable for the amount of the indebtedness. If the instant case was similar to the two cases mentioned in that particular, we would follow the rule there announced; but in this case the liability of Martha Mooney is several and secondary, by reason of the fact that she is the indorser of the note sued upon. Buerger being primarily liable, and the fund garnished belonging to him, we think a different rule applies, and that appellant should have endeavored to subject this particular fund to the payment of his debt. It is true he had the right under article 312, Sayles Civil Statutes, to join Martha Mooney in the action but he must first exhaust his remedy against Buerger, the principal obligor. In our judgment it was not necessary for him to make affidavit that neither of the defendants had within his knowledge property within the state, subject to execution, sufficient to satisfy the debt.

The judgment is reversed and the cause remanded.