HENRIE *v.* SWEASEY, Administrator.

5b 273
140 162

An affidavit in foreign attachment is not objectionable, because the facts contained in it seem to show that the plaintiff is entitled to a larger sum than he claims.

The attachment-bond in such case should be set forth in the record.

If the amount of damages in such suit depends upon mere calculation, no writ of inquiry is necessary.

There must be two continuances of such suit after publication made and proved,—the defendant not having appeared, &c.,—before the rendition of judgment for the plaintiff.

May Term,    The plaintiff in such suit cannot have judgment for a greater sum than he
   1840.         demands by his affidavit, with interest if the debt be such as to carry
                    interest.
Henrie
v.
Sweasey.     ERROR to the *Franklin* Circuit Court.

*Wednesday,*     Dewey, J.—This was an action of foreign attachment.
*May 27.*     *Allen* was the plaintiff, and *Henrie* the defendant, below. It
appears by a suggestion in the assignment of errors, that,
after the rendition of the judgment in the Court below, *Allen*
deceased, and *Sweasey* was appointed his administrator, who
is made defendant in this writ of error.

The affidavit of the plaintiff below, which was filed on the
8th of *April,* 1833, stated that the defendant was not a resi-
dent of this state; that he was then indebted to the plaintiff
in the sum of 750 dollars, as indorser of three promissory
notes dated *June* the 23d, 1819, each for 195 dollars, payable
in one, two, and three years after date; that the notes were
executed by *John Crouch* and *Nathan Crouch,* and were
payable to the defendant who indorsed them to the plaintiff;
that the makers, at the time of the assignments of the notes,
were notoriously insolvent; that at the *June* term, 1823, of
the *Franklin* Circuit Court, the plaintiff obtained a judgment
against the makers of the notes for 607 dollars and 75 cents,
besides costs; that he had sued out a writ of *fi. fa.* on the
judgment which had been returned no property found; and
that by means of the premises, the defendant became liable to
pay the plaintiff, and promised to pay him, the said sum above
stated, on request, but which sum was still due and unpaid.

The record contains a statement that the plaintiff filed a
bond with security, and that thereupon a writ of foreign
attachment issued; the writ, which was returnable to *October*
term, 1833, is spread upon the record, but the bond is not;
the writ was returned duly executed; at the *October* term,
1833, an order of publication was made; the cause was
regularly continued, from term to term, until the *April* term,
1835, when the defendant was called and failed to appear—
it having been shown "to the satisfaction of the Court, that
due and legal publication had been made in this cause, and
that the same had been continued two terms previous to that
term;" whereupon the Court assessed the plaintiff's damages
at 1,052 dollars, and rendered judgment for that sum and

costs; the Court also made an order for the sale of enough of the property attached to satisfy the judgment.

The errors assigned are, 1st, the affidavit is insufficient; 2dly, no attachment-bond appears of record; 3dly, the damages were assessed by the Court; 4thly, the cause was not continued for two terms after publication proved; and 5thly, the judgment is for an amount exceeding the sum claimed by the affidavit to be due.

The first objection cannot be sustained. A sum certain, to wit, 750 dollars, is claimed to be due and owing from the defendant to the plaintiff by the affidavit; the nature of the debt is set forth with certainty, and the non-residence of the defendant is stated; nothing more is required by the statute. R. C. 1831, p. 82. That the facts set forth seem to show that the plaintiff might have claimed a larger sum than he has claimed, does not vitiate the affidavit; there might have been credits not stated in it.

The second assignment of error must prevail. The attachment-bond should have been set forth in the record. *Cousins* v. *Brashier*, 1 Blackf. 85.

There is nothing in the third error; the damages depended upon mere calculation, and no writ of inquiry was necessary.

The fourth objection is well taken. There ought to have been two continuances of the suit after publication made and *proved*, before the rendition of the judgment. R. C. 1831, p. 83. The record does not show that the law was complied with in this respect.

The fifth error must also prevail. The plaintiff in attachment is not entitled to a judgment for a greater sum than he demands by his affidavit, together with interest, if the debt be such as to draw interest. The plaintiff claimed to be due him on the 8th of *April*, 1833, 750 dollars; that sum, inclusive of interest to the 15th of *April*, 1835, when the judgment was rendered, could not equal 1,052 dollars—the amount of the judgment.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the proof of publication set aside, with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*C. B. Smith*, for the defendant.