No. 91.—BRYAN W. COLLIER, plaintiff in error, *vs.* JOHN E. LYONS, defendant in error.

[1.] If A, without any contract of employment, puts the slave of B to a hazardous service, in which his life is lost, A is responsible for his value; and the worth of the property at the time it was destroyed, with the addition of interest thereon, to the time of trial, is not an incorrect measure of damages.

Trover, in Butts Superior Court.   Tried before Judge STARKE, March Term, 1855.

This was an action of trover, brought by John E. Lyons against Bryan W. Collier, for the recovery of the value of a negro man, slave, Wesley.

It appeared in evidence that the defendant was the owner of a mill; the plaintiff sent his negro man, Wesley, to the mill, with corn to be ground. While there, the water-wheel got out of order; while assisting in raising or prizing up the wheel, the negro Wesley received a blow by the lever falling, that killed him. The defendant, Collier, was present, and saw the boy Wesley engaged in assisting about adjusting the wheel, though it does not appear, from the evidence, that he requested or ordered the boy to render assistance in the matter.

Among other things, the Judge charged the Jury, "that if they found a verdict for the plaintiff, they should add interest to the proven value of the slave at the time he was killed, from his death, until the present time."

To which Counsel for defendant excepted.

HARMAN; McCUNE, for plaintiff.

FLOYD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The principle involved in this case has already been virtually decided by this Court.

In *The Mayor & Council of Columbus vs. Elizabeth Howard*, (6 *Ga. R.* 213,) and in *Gorman vs. Campbell*, (14 *Ga. R.* 137,) we held, that where a slave is put to a different purpose from what was intended, the hirer is responsible for loss of life, although by inevitable casualty, and although the loss arose from the voluntary act of the slave: *A fortiori*, will this liability attach where there is no contract of hiring.

Lyons sends his negro to Collier's mill, to have corn ground.

While there, it became necessary to raise the water-wheel. Either by the direction of Collier, or with his knowledge and consent, certainly, Wesley undertakes to assist in the hazardous job, and is killed within a few feet of Collier, while thus aiding and abetting. There can be no doubt but that Collier is responsible for his value.

To arrive at a correct measure of damages, the Jury, under the direction of the Court, added interest on the value, from the death to the time of trial. And we are not prepared to say that this was not right. We are not unmindful of the Statute which forbids a verdict for unliquidated damages to be increased by the computation of interest. But suppose that the Act was not intended to prohibit a resort to interest, merely as an element or criterion by which to estimate the damages. The interest on the value was less than the hire; and the verdict, as rendered, less than the largest price put upon the boy. Let it stand.