B. C. Evans v. Lawson, Smith & Co.

(Case No. 5551.)

1. ATTACHMENT — AFFIDAVIT — AGENT.— Where an affidavit for an attachment is made by an agent it is not necessary that he should swear that he is the agent, but it is sufficient if he is described as such in the affidavit. Following Wetherwax v. Paine, 2 Mich., 557; Mandel v. Peet, Sims & Co., 18 Ark., 244; Murray v. Cone, 8 Port. (Ala.), 252. Whether such a question can be raised on a motion to quash, based solely on what appears in the affidavit, admits of question.

2. SAME — AMOUNT — VARIANCE.— Where the amount of indebtedness sworn to in the affidavit for an attachment was merely the principal sued for; and did not include the interest and attorney's fee claimed in the petition, held, that the attachment should issue for the amount sworn to; that the petition was not sworn to, and there was no uncertainty as to the amount sought to be secured by the attachment; the affidavit was sufficient. Following Stewart v. Heidenheimer, 55 Tex., 648; Henrie v. Sweasey, 5 Blackf., 275; Lathrop v. Snyder, 16 Wis., 293.

3. SAME — OFFSET.— In case defendant claims an offset, and plaintiff sues out an attachment for a sum certain, without deducting the offset, the attachment will still hold good, for the offsets would only appear upon the trial. Following Collier v. Lyons, 18 Ga., 648. As to what would be the effect of the affidavit's claiming a larger indebtedness than is claimed in the petition is not considered.

APPEAL from Mitchell. Tried below before the Hon. Wm. Kennedy.

The opinion states the facts.

*O'Neill, Hunter & Stewart,* for appellant, cited: Wright v. Ragland, 18 Tex., 290; Stewart v. Heidenheimer, 55 Tex., 648.

*Wynne & Carter,* for appellees, cited: Espy v. Heidenheimer, 58 Tex., 662; Joiner v. Perkins, 59 Tex., 300; 7 Hill (N. Y.), 177; 4 Denio, 71 and 258.

STAYTON, ASSOCIATE JUSTICE.— This action was brought on two promissory notes executed by the appellees to the appellant, on

February 1, 1884; one for $363.14, due in forty days from its date; and the other for $360, due in sixty days from its date.

Each of the notes bore interest at the rate of twelve per cent. per annum from their date, and contained a provision for the payment of ten per cent. for attorneys' fees, if collected by law.

There was an attachment sued out, and the affidavit therefor was as follows:

" THE STATE OF TEXAS, } In the District Court, Wheeler County,
      *County of Mitchell.*  }     Texas.

" B. C. EVANS, Plaintiff,

*v.*

LAWSON, SMITH & Co., Defendants.

"Before me, the undersigned authority, this day personally appeared Henry Finch, *agent* of plaintiff in the above entitled cause, who, being duly sworn, deposes and says that Lawson, Smith & Co., a firm composed of W. P. Lawson, Robert Smith and Sol Kahn, defendants, are justly indebted to plaintiff in the sum of $723.14, due and payable.  Three hundred and sixty-three and fourteen one-hundredths dollars was due on the 15th day of March, 1884, allowing three days of grace, and $360 of said sum will be due on the 4th day of April, 1884, allowing three days of grace.  That the said Lawson, Smith & Co. have secreted their property for the purpose of defrauding their creditors, and that this attachment is not sued out for the purpose of injuring or harassing the defendants.  That the plaintiff will probably lose the above stated indebtedness unless such attachment is issued.

        (Signed)                              " HENRY FINCH.

" Sworn to and subscribed before me this 18th day of March, A. D. 1884.                              H. R. SALOMAN,

               "Clerk District Court, Mitchell County.

"By F. C. WELLS, Deputy."

There was a motion made to quash the attachment on the ground that the amount of the indebtedness was not stated in the affidavit as in the petition, in that the affidavit only stated that the amount of the face of the notes was the indebtedness, while the petition showed that the notes bore interest and contained a provision for the payment of attorneys' fees, and upon the further ground that the person who made the affidavit did not swear that he was the agent of the plaintiff.

This motion was sustained and the attachments quashed.

The attachments directed the officer to seize only so much property as would satisfy an indebtedness of $723.14 and costs.

The person who made the affidavit assumed to act as the agent of the plaintiff. Such is stated to be his relationship in the affidavit which he signed, and his acts are recognized by the plaintiff as his own, and we are of the opinion that these things sufficiently show that he was the agent of the plaintiff.

The statute does not require, when an affidavit for an attachment is made by an agent, that he shall swear that he is the agent; being so described in the affidavit, we are of the opinion, is enough. Wetherwax v. Paine, 2 Mich., 557; Mandel v. Peet, Sims & Co., 18 Ark., 244; Murray v. Cone, 8 Port. (Ala.), 252.

Whether such a question can be raised on a simple motion to quash, based solely on what appears in the affidavit, admits of question.

The attachment issued for no more than was sworn to be the indebtedness, and we are of the opinion that this was sufficient to authorize the attachment, notwithstanding the petition showed a larger indebtedness.

The indebtedness sworn to was identical with the indebtedness shown in the petition as the principal of the notes sued on, and the petition was not sworn to; hence, there was no uncertainty as to the amount sought to have secured by the attachment.

A similar question was presented in the case of Stewart v. Heidenheimer, 55 Tex., 648, and it was held that the affidavit was sufficient.

In Henrie v. Sweasey, 5 Blackf., 275, it was held that an affidavit that a sum certain was due was sufficient notwithstanding the petition showed a larger sum to be due than was claimed in the affidavit.

If the affidavit for attachment state a sum certain, but less than is actually due, this furnishes no ground for quashing the attachment. Lathrop v. Snyder, 16 Wis., 293.

Cases may arise in which there are offsets, against a demand set out in the petition, which are not noticed therein, in consequence of which the affiant ought not to ask an attachment for what appears to be due by the petition, but only for the actual amount of the indebtedness which he is entitled to recover. Such facts need only appear upon the trial, and their non-existence would be no ground for quashing an attachment sued out for a sum certain. Collier v. Lyons, 18 Ga., 648.

What may be the rule when the affidavit alleges a larger indebtedness than is shown by the petition need not be considered in this

The court below erred in quashing the attachments, and the judgment for that reason will be reversed, and the cause remanded, with instructions to the court below to render such a judgment foreclosing the attachment liens, and making such disposition of any money which may have been received on sale of any of the attached property, as should have been rendered had the motion to quash the attachment been overruled.

It is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered May 26, 1885.]