**DICKINSON v. FIRST STATE BANK OF BLACKWELL et al. (No. 5612.)**

(Court of Civil Appeals of Texas. Austin.
April 5, 1916.)

1. APPEAL AND ERROR ☞909(1)—RECORD ON APPEAL—PRESUMPTIONS.

On appeal from an order quashing a writ of garnishment to which several grounds of objection were urged, it will be presumed that all were sustained, in the absence of record showing to the contrary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. ☞909(1).]

2. GARNISHMENT ☞87 — AFFIDAVIT — SUFFICIENCY—NAME OF DEFENDANT.

An affidavit for a writ of garnishment, otherwise sufficiently identifying the original cause, is not invalid for omitting the name of the defendant in the original cause.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 156–159, 163–166; Dec. Dig. ☞87.]

3. GARNISHMENT ☞193—AFFIDAVIT—SUFFICIENCY—AMOUNT.

It is no ground for quashing a writ of garnishment that the affidavit therefor states a less amount than is claimed in the original suit, as, for instance, that it fails to demand interest.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 381, 382; Dec. Dig. ☞193.]

4. GARNISHMENT ☞93—VARIANCE BETWEEN WRIT AND AFFIDAVIT—EFFECT.

A writ of garnishment, naming the amount as $752, when the affidavit and complaint named $742, is not therefore invalid; the error being on the part of the clerk, for which plaintiff was not responsible.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160, 174–180; Dec. Dig. ☞93.]

5. GARNISHMENT ☞93—VARIANCE BETWEEN WRIT AND AFFIDAVIT—EFFECT.

It is the affidavit which is the foundation of the suit against the garnishee, and its allega-

tions govern if the writ is at variance with them.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160, 174–180; Dec. Dig. ☞93.]

6. GARNISHMENT ☞93—WRIT—SURPLUSAGE —AMOUNT.

A writ of garnishment need not state the amount of the demand, and if it does so erroneously, the statement may be treated as surplusage.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160, 174–180; Dec. Dig. ☞93.]

7. GARNISHMENT ☞89—BOND—SUFFICIENCY.

A garnishment bond is sufficient if more than double the amount of the demand of the complaint and affidavit, though less than double the amount named in the writ.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 167–169; Dec. Dig. ☞89.]

8. GARNISHMENT ☞96—AFFIDAVIT — SUFFICIENCY—DESCRIPTION.

Where an affidavit described the garnishee as a corporation of which W. C. S. was president, the return of the writ of garnishment showing service on W. C. S., was sufficient.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 189–195; Dec. Dig. ☞96.]

Error from Runnels County Court; M. Kleberg, Judge.

Action by R. A. Dickinson against Will Parrish, in which the First State Bank of Blackwell was garnished. From an order quashing the writ of garnishment, plaintiff brings error. Reversed and remanded.

R. B. Truly, of Ballinger, for plaintiff in error. Wright & Harris and L. B. Harris, all of San Angelo, for defendants in error.

JENKINS, J. Plaintiff in error sued Will Parrish in the county court of Runnels county for $742.68, with interest at the rate of 6 per cent. per annum from January 1, 1914. On March 11, 1914, plaintiff in error sued out a writ of garnishment against the First State Bank of Blackwell, Tex. On April 14, 1914, the bank answered that it had in its possession $187.54 belonging to said Parrish. On May 19, 1914, Parrish filed a motion to quash the writ of garnishment because: (1) The affidavit does not state the name of the defendant in the main suit, and does not thereby identify the case in which garnishment is applied for; (2) because of variance between the amount of the debt sued for and the amount claimed in the affidavit for garnishment; (3) because plaintiff's suit was for $742.68 and the writ of garnishment alleges the same to be for $752.68; (4) because the bond was insufficient in amount; and (5) because the sheriff's return does not show that it was served on the garnishee.

[1, 2] The court sustained the motion to quash, presumably upon all of the grounds mentioned, as the record does not show otherwise. None of said grounds for quashing the writ of garnishment should have been sustained. The affidavit identifies the original cause in every respect, except that the name of the defendant therein is left blank.

[3] It is no ground for quashing a writ of garnishment that the affidavit therefor states a less amount than is claimed in the original suit. Evans v. Lawson, 64 Tex. 199; Aultman v. Smyth, 43 S. W. 932; Smith v. Mather, 49 S. W. 258; Burge v. Carriage Co., 47 Tex. Civ. App. 223, 150 S. W. 233. The only variance between the amount mentioned in the original suit and in the affidavit for writ of garnishment is the original suit was for $742.68, with interest thereon at the rate of 6 per cent. per annum from the 1st day of January, 1914, and the affidavit for garnishment alleged the amount to be due to be $742.68, but did not mention interest.

[4-6] The writ of garnishment mentions the amount claimed in plaintiff's affidavit as $752.68; whereas, the amount was $742.68. This was evidently a mistake on the part of the clerk for which the plaintiff in error was not responsible. The affidavit is the foundation of the suit against the garnishee. Bowers v. Insurance Co., 65 Tex. 52. It was not necessary that the writ should state the amount, and it may be treated as surplusage. Burge v. Carriage Co., supra.

[7] The bond was for $1,500, which was more than double the amount sued for in the original suit, and more than double the amount mentioned in the affidavit for garnishment, and therefore was in compliance with the statute.

[8] The affidavit described the garnishee as a corporation, of which W. C. Shamblin was president. The writ was served upon Shamblin.

Defendants in error's motion to strike out the bills of exception is overruled.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.