DE ARCY v. SOUTH TEXAS MUSIC CO. (No. 6137.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1919.)

1. SEQUESTRATION ⬉12—VARIANCE BETWEEN PETITION AND AFFIDAVIT.

Where petition in suit to foreclose a purchase-money contract lien alleged debt of $216.-50, together with 10 per cent. thereof as attorney's fees, a recitation in an affidavit for a writ of sequestration that the debt was $216.50 was not a material variance.

2. SEQUESTRATION ⬉12 — SUFFICIENCY OF AFFIDAVIT—DESCRIPTION OF PROPERTY.

In suit to foreclose purchase-money contract lien upon a piano, together with stool and scarf, an affidavit for sequestration sufficiently described the property as a piano.

3. NOVATION ⬉3—CONSIDERATION.

Extinguishment of an old contract to pay for a piano in advertising was a sufficient consideration for a new contract whereby the balance was to be paid in money.

4. TRIAL ⬉350(3)—SUBMISSION OF ISSUES—QUESTIONS OF LAW.

Special issue whether the act of a sheriff in entering defendant's home and taking property therefrom was a trespass, being a question of law, was properly refused.

5. TROVER AND CONVERSION ⬉7—DETENTION OF PROPERTY—DISMISSAL OF SUIT.

Where a piano was taken by statutory procedure in a suit to foreclose a purchase-money contract lien and was placed in the possession of the sheriff and the cause was dismissed, and on the same day another suit was started and the sheriff retained the property under a new writ of sequestration without having returned it, there was no conversion by the creditor.

6. APPEAL AND ERROR ⬉866—RIGHT TO ALLEGE ERROR—APPEAL FROM PART OF JUDGMENT.

Where, in an action to foreclose lien on piano, there was a judgment of foreclosure, but a finding in favor of defendant on counterclaim for conversion of piano stool not covered by lien, on appeal by defendant from that part of judgment foreclosing the lien, he could not complain that judgment on counterclaim was not entered against sureties on sequestration bond given by plaintiff.

7. SALES ⬉467—CONTRACT LIENS.

Where a contract recited the sale of a piano, stool, and scarf, but described the property upon which a lien was created as the piano, the stool and scarf will not be held subject to the lien.

Appeal from Bexar County Court; John H. Clark, Judge.

Suit by the South Texas Music Company against Amelia De Arcy. From a judgment in favor of the plaintiff, defendant appeals, and plaintiff files cross-assignments. Affirmed.

Ben H. Kelly and A. Burleson, both of San Antonio, for appellant.

Lewright & Douglas, of San Antonio, for appellee.

SWEARINGEN, J. The South Texas Music Company, a domestic corporation, sued Amelia De Arcy to foreclose a purchase-money contract lien upon what is described as an "A. B. Chase piano No. 56168, together with stool and scarf." A sequestration affidavit, bond, and writ was made, filed, and executed.

Appellant, defendant in the trial court, answered that the contract sued upon was without consideration, and alleged a cross-action against the music company and its sureties on the bond for sequestration, and also against the sheriff and his official bondsmen. The cross-action alleged a conversion of the property and a trespass. The sureties, sheriff, and his bondsmen answered by general denial.

Special issues were submitted to a jury. Judgment was rendered in favor of appellee, foreclosing the lien on the piano, and in favor of the appellant, fixing the amount of the balance due under the contract of purchase, together with interest and attorney's fees, at $230.50; in favor of the appellant against the music company for $29.12, the value of the stool; in favor of the sureties on the sequestration bond; and in favor of the sheriff and his official bondsmen. The costs were adjudged against the appellant.

The contract set forth in the petition is as follows:

"Contract. [U. S. Int. Rev. 1¢.]

"The State of Texas, County of Bexar.

"This indenture, entered into this 20th day of Sept. A. D. 1915, between South Texas Music Company, a corporation of San Antonio, Bexar county, Texas, and R. P. De Arcy, a resident of the county of Bexar, state of Texas.

"Witnesseth: That whereas the said R. P. De Arcy has purchased from the said South Texas Music Company, a certain A. B. Chase piano No. 56168 with stool and scarf and for which R. P. De Arcy contracts, agrees and promises to pay to the said South Texas Music Company, at their offices in San Antonio, Bexar county, Texas, the sum of six hundred no/100 dollars, upon the following terms and conditions to wit: $350.00 paid in advertising, $10.00 cash,

the receipt of which is hereby acknowledged. The remainder to be paid in installments of $10.00 or more per month. The first installment to be due and payable on or before the 10th day of October, 1915, and $10.00 or more will be due and payable on or before the 10th day of each month following, until the entire amount specified in this contract has been paid in full.

"All of said deferred payments to bear interest at the rate of 8 per cent. per annum from maturity until paid, and an additional 10 per cent. upon the principal and. interest then due, shall be due and payable in the event this note is placed in the hands of an attorney for collection, or if collected by suit. A failure to pay any one of said installments, when due, shall at the option of the holder hereof mature the entire indebtedness, as evidenced by promissory note this day executed by me in favor of South Texas Music Company.

"It is agreed and understood that said South Texas Music Company shall have and has a lien upon said A. B. Chase piano to secure the unpaid balance due upon said No. 56168.

"I also agree to keep the instrument insured in favor of South Texas Music Company during the term of this contract.

"This contract takes effect upon the shipment of the above instrument. It is understood, however, that it shall not be binding upon the South Texas Music Company until accepted by them and they shall not be responsible for any agreement or promise other than that printed or written on the face of this agreement and note.

"Witness our hands this 20th day of September A. D. 1915.
"O. K. S. W. B.      R. P. De Arcy,
                            310 Baltimore Ave.
"Witnesses: H. H. Blakeney. John Wolf."

It was alleged that R. P. De Arcy was dead when the suit was filed, that Amelia De Arcy, his widow, was his sole heir at law, that she was sued in her own right and as survivor in community of herself and her deceased husband, and that R. P. De Arcy died intestate; that there was no administration upon his estate, and that none was necessary. It was alleged that the piano was in the possession of Amelia De Arcy, and that the balance of the purchase money, which was secured by the lien, together with interest, amounted to $216.50, and that the amount of attorney's fees due under the contract was $21.65.

An affidavit and bond for sequestration was filed, and a writ issued and executed by the sheriff. A motion was made by appellant to quash the writ of sequestration, which was overruled, as appears in the decree of the court.

For cross-action appellant averred that the piano was sold and delivered to her husband, evidenced by a written agreement made long prior to the one which is the basis of appellee's suit, and that there was no consideration for the contract sued upon by appellee. Appellant sued for damages for the trespass by which possession of the piano was taken from her, and sued for damages caused her by appellee converting the piano stool to its own use. The value of the piano and stool was alleged to be $600.

The undisputed evidence is that the music company sold and delivered the piano, stool, and scarf to R. P. De Arcy on August 30, 1914, in consideration of $600 to be paid in advertising. On September 20, 1915, R. P. De Arcy had paid $350 of the purchase price in advertising as agreed; but at that time he and the music company, in consideration of the extinguishment of the 1914 contract, entered into the 1915 contract relied upon by appellee herein, by the terms of which R. P. De Arcy bound himself to pay in money at definite dates thereafter the balance agreed to be due for the purchase price of the piano, stool, and scarf, and in addition a lien was expressly given on the piano to the music company to secure the payment of the balance of the purchase price.

R. P. De Arcy made default in the payment of the agreed interest and installments. Thereafter the music company filed a suit against R. P. De Arcy for the amount due and for foreclosure of its lien. Under a writ of sequestration the piano and stool were seized and held by the sheriff. No service was had upon De Arcy. Thereafter, upon suggestion of the death of De Arcy, the suit against him was dismissed, and the writ of sequestration quashed by the court. On the same day the present suit was filed, and before the possession of the property taken under the first writ was surrendered the sheriff retook possession of the property by virtue of the writ in the present suit. The new contract did not give a lien on the stool, only on the piano. Neither appellant nor appellee replevied the property.

By the first assignment it is insisted that it was error to overrule appellant's motion to quash the writ of sequestration because the affidavit therefor was not made by an agent of the appellee; because there was a variance between the amount alleged in the petition, $216.50, together with 10 per cent. thereof as attorney's fees, and the amount recited in the affidavit for the writ, $216.50; and because there was a variance in the property described in the petition, a piano, stool, and scarf, and that mentioned in the affidavit, a piano.

The affidavit and the proof show that the affidavit for sequestration was made by the agent of the company. Turner v. Cross, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262.

[1] The variance in the allegation of the amount of the debt in the petition and the amount recited in the affidavit is. an immaterial discrepancy. Dickinson v. First State Bank of Blackwell, 185 S. W. 674; Evans v. Lawson, 64 Tex. 199; Burge v. Carriage Co., 47 Tex. Civ. App. 223, 105 S. W. 233.

[2] The affidavit sufficiently describes the property to be sequestered as that described

in the petition. We overrule the first assignment.

[3] The second assignment complains of the refusal of the following special issue: "Was there any new or separate valuable consideration in or for the contract sued on by plaintiff?" The undisputed evidence discloses that the contract sued upon was a novation of the prior executory contract pleaded by appellant, which was extinguished by the novation, and the extinguishment of the old was sufficient consideration for the new. Porter v. Metcalf, 84 Tex. 468-475, 19 S. W. 696; Ross v. Moore, 191 S. W. 853; Old River Rice Irr. Co. v. Stubbs, 137 S. W. 154; Contracts and Sales, Simkins (3d Ed.) 526.

The second assignment is overruled, and also the third, which complains that there was no evidence of consideration for the new contract.

[4] We also overrule the fourth assignment, which urges that it was error to refuse the special issue to this effect: "Was the act of the sheriff in entering defendant's home June 3, 1917, and taking property therefrom a trespass?" The question was one of law, and was properly refused. Watson v. Patrick, 174 S. W. 632.

It does not appear, either from the fifth assignment or the statement thereunder, that appellant moved the court to set aside the verdict complained of. There was ample evidence to support the jury's answer, and the verdict was sufficient to sustain the decree of the court. We overrule the fifth assignment, and for the same reasons the sixth assignment is also overruled.

[5] The seventh assignment assails the judgment because it failed to award appellant the sum of $575, the value of the piano, on the theory that the facts showed a conversion by appellee. No conversion is shown in the pleadings, facts, or law of this case. Appellee owned an obligation secured by a lien on the piano in controversy which was long past due. A foreclosure was sought in the court, and as allowed by the law the piano was by statutory procedure placed in the possession of the sheriff pending the trial of the rights of the parties in court. We overrule the seventh assignment and for similar reasons we overrule the tenth assignment.

[6] The eighth assignment assails the judgment because it fails to award the value of the piano stool against the sheriff and his bondsmen. There is evidence to sustain the presumption in favor of the judgment that the music company refused to deliver the stool to appellant, and that they were guilty of conversion for which the decree awarded a judgment against the music company in favor of the appellant, to which portion of the judgment no exception was taken by appellant, and from which no appeal was taken. We overrule the eighth assignment.

By the ninth assignment it is contended that the answers of the jury to the sixth, seventh, and eighth special issues are contradictory and conflicting, and are not supported by the evidence. The verdict is sufficient to sustain the judgment of the court and is supported by the evidence. The ninth assignment is overruled.

[7] Appellee by cross-assignments attacks that portion of the decree which awarded the sum of $29.12 against it in favor of appellant for the value and interest thereon of the stool. The contract recites the sale of the piano, stool, and scarf, but describes the property upon which the lien was created as the piano. The usual rule of construction requires the conclusion that the piano and the stool were distinct articles, and were so intended to be considered. There is evidence to sustain the judgment that the music company converted this stool to their own use. The cross-assignments are overruled.

The judgment is affirmed.