## BROWNWOOD GAS CO. v. BELSER.*
(No. 6640.)

(Court of Civil Appeals of Texas. Austin. Oct. 24, 1923. Rehearing Denied Nov. 28, 1923.)

**1. Appeal and error ⚷〰544(3)—Opinion confined to fundamental errors appearing in record where no statement of facts or bills of exception.**

Where the record contains no statement of facts or bills of exceptions, the opinion of the appellate court must be confined to only such assignments of error as contend that fundamental errors appear on the face of the record.

**2. Garnishment ⚷〰88—Affidavit for garnishment held sufficient compliance with statute.**

In an affidavit for garnishment, an allegation that "defendant had not within his knowledge" property in his possession subject to execution sufficient to satisfy debt, when construed with the entire affidavit, held to mean that defendant did not have property in his possession within the knowledge of affiant sufficient to satisfy the debt, and is in compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 271, § 2.

**3. Garnishment ⚷〰88—Affidavit that garnishee has in his possession effects belonging to defendant in the original suit held sufficient compliance with statute; "hands."**

In an affidavit for a writ of garnishment, an allegation that garnishee had in his "possession" effects belonging to defendant in the original suit, held a substantial compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 273, the word "hands" as used in the statute denoting possession, as distinguished from its literal meaning that garnishee had actually and physically in his "hands" effects belonging to defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, In the Hands of.]

**4. Garnishment ⚷〰89—Amount stated in affidavit for garnishment controls where at variance with petition in considering amount of bond.**

Where the bond executed in a garnishment proceeding was more than double the amount claimed in suit at the time of the issuance of the writ, it was sufficient, though not executed in double the amount claimed in the original suit, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 271, § 2, and article 272, providing that, where the amount stated in the affidavit is at variance with that stated in the petition, the affidavit will control.

**5. Garnishment ⚷〰97—Writ of garnishment not void in toto because unintelligible as to certain specific interrogatories.**

Where a writ of garnishment sought an answer to five specific interrogatories, two of which were unintelligible because of the language used, the writ was not void in toto, but, at the most, only voidable as to the specific interrogatories.

**6. Appeal and error ⚷〰920(4)—Presumption that judgment on writ of garnishment based on definite interrogatories.**

Where a writ of garnishment sought an answer to five specific interrogatories, two of which were unintelligible because of the language used, such defects did not affect the validity of a judgment rendered thereon, where the record contained no statement of facts, nor bill of exceptions, nor findings of fact, or conclusions of law by the trial judge, and, every presumption being indulged in favor of the judgment, it will be deemed that the court based its judgment upon other portions of the writ, which clearly required garnishee to answer certain definite interrogatories.

Error from District Court, Brown County; J. O. Woodward, Judge.

Action by J. H. Belser against W. A. Letson, with the Brownwood Gas Company as

garnishee. Judgment for plaintiff, and the garnishee brings error. Affirmed.

McCartney, Foster & McGee, of Brownwood, for plaintiff in error.

E. J. Miller, of Brownwood, for defendant in error.

### Statement.

BLAIR, J. This is an appeal upon a petition in writ of error from a default judgment, entered against plaintiff in error as garnishee, upon writ of garnishment issued out of cause No. 4157, based upon cause No. 4155, entitled "J. A. Belser v. W. A. Letson." The record shows that on November 3, 1921, J. A. Belser sued W. A. Letson in the district court of Coleman county, alleging an indebtedness due him in the sum of $1,702.01, with interest and attorney's fees in the sum of $250. Thereafter, on November 5, 1921, he filed an application for garnishment against the Brown County Gas Company as garnishee, in cause No. 4157, in which application the defendant in error stated he was suing the defendant Letson in cause No. 4155 for the sum of $1,702.01, with interest and attorney's fees in the sum of $250. On the same date and at the same time a bond for garnishment in the sum of $4,000 was filed with and approved by the district clerk, who on the same date issued a writ of garnishment, citing the Brownwood Gas Company to appear and make answer to the special interrogatories set forth in said writ. Thereafter, on February 27, 1922, defendant in error, Belser, filed his first amended original petition in cause No. 4155, alleging an indebtedness of $1,722.78, with interest thereon from June 15, 1921, at the rate of 6 per cent., together with $250 as attorney's fees; and on said date last-named cause No. 4155, styled J. H. Belser v. W. A. Letson, was tried in the district court of Brown county, Tex., and judgment was rendered in favor of plaintiff, defendant in error herein, for the sum of $1,722.78, with interest thereon from June 15, 1921; but no attorney's fees were allowed. Thereafter, on March 1, 1922, in cause No. 4157, a judgment was rendered in favor of defendant in error against the Brownwood Gas Company, garnishee, in the sum of $1,722.78, with interest thereon at the rate of 6 per cent. per annum from June 15, 1921, and $23.60, which represented costs in cause No. 4155. This judgment was by default, the garnishee having failed to answer after being duly served with writ of garnishment in said cause. Thereafter, on July 17, 1922, the Brownwood Gas Company, garnishee, as plaintiff in error, filed a petition for a writ of error in cause No. 4157, and on July 20, 1922, filed its bond with the clerk of the district court of Brown county, Tex., which was duly received and approved. On July 27, 1922, the plaintiff in error filed its assignments of error in the district court of Brown county, and this appeal is based upon the alleged errors committed by the court in rendering judgment by default against the Brownwood Gas Company.

### Opinion.

[1] The record contains no statement of facts or bills of exception; therefore our opinion must be confined to only such assignments of error as contend that fundamental errors appear on the face of the record. The plaintiff in error filed several assignments of error in the court below, and presents them for our consideration by five propositions of law based thereon.

[2] By its first proposition, plaintiff in error contends that paragraph 3 of defendant in error's affidavit for garnishment does not comply with section 2, art. 271, Vernon's Sayles' Revised Civil Statutes. The paragraph complained of reads as follows:

"That said debt is just, due, and unpaid, after demand often made, and that the said defendant, W. A. Letson, has not, within his knowledge, property in his possession within the state of Texas subject to execution sufficient to satisfy said debt."

It is contended that the possessive pronoun "his" as used in this paragraph in each instance relates back to the proper noun Letson, and that the affidavit should have clearly set out that defendant Letson, did not have property within the knowledge of "plaintiff" or "affiant" sufficient to satisfy such debt; and failing in this particular the affidavit is void, and therefore the judgment should be set aside.

We are of the opinion that, if said paragraph 3 was construed alone, it would be subject to the criticism alleged against it, but, construing the whole affidavit together, or that portion of it which precedes paragraph 3, we are of the opinion that the exception is not well taken. Leaving out the formal parts and such other matters as do not affect the point under discussion, the affidavit reads as follows:

"Now comes J. H. Belser, plaintiff in cause No. 4155, styled J. H. Belser v. W. A. Letson, * * * and for cause of action plaintiff says * * * that said debt is just, due, and unpaid, after demand often made, and that said defendant, W. A. Letson, has not, within his knowledge, property in his possession within the state of Texas subject to execution sufficient to satisfy said debt."

It is reasonably clear under the above statement from the whole of the affidavit that the phrase "within his knowledge," which is set off from the rest of the sentence by commas, relates back to the affiant, or the proper noun J. H. Belser, or plaintiff, therefore giving it a reasonable, clear and fair construction; that the defendant did not have property, etc., in his, defendant's possession, "within the knowledge" of affiant sufficient

to satisfy the debt, and is in compliance with the statute.

[3] By the second proposition it is contended that the affidavit for garnishment is defective, in that it fails to set out that the plaintiff has reasons to believe and does believe that garnishee has in its "hands" effects belonging to defendant in the suit. The affidavit recites that the plaintiff has reasons to believe and does believe that garnishee has in it "possession" effects belonging to defendant in the original suit. We are of the opinion that the word "hands" as used in the statute is used for the purpose of denoting possession, as distinguished from its literal meaning that the garnishee had actually and physically in his hands effects, etc., belonging to the defendant; and the use of the word "possession" is a substantial compliance with article 273, Vernon's Sayles' Revised Civil Statutes, which reads as follows:

"Before the issuance of the writ of garnishment, the plaintiff shall make application therefor in writing, under oath, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe, that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant, or that the garnishee is an incorporated or joint stock company, and that the defendant is the owner of shares in such company or has an interest therein."

Plaintiff in error's third proposition contends that the affidavit is bad because it is not set out that the garnishee is an incorporated company, and that defendant is the owner of shares in said company, or has an interest therein. This proposition is not well taken, because the affidavit does fully allege that the garnishee is a private corporation, and that the defendant is the owner of shares of stock in said company, or has an interest therein.

[4] By its fourth proposition, plaintiff in error contends that the bond in garnishment in this case was void because it was not executed in double the amount of the debt claimed in the original suit. The bond furnished in the garnishment suit is in the sum of $4,000; the affidavit for garnishment alleged the debt to be the sum of $1,702.01, interest and attorney's fees $250, making a total of $1,952.01. The petition on file at the time of issuance of the writ alleged a debt in the sum of $1,702.01, with interest from June 15, 1921, and $250 attorney's fees. By adding the calculated interest, the amount is still less than $2,000 on the date of the issuance of the writ; hence the bond is sufficient, since it is for more than double the amount claimed in suit at the time of the issuance of the writ. We are also of the opinion that the bond is sufficient under the rule of law which makes the affidavit the foundation of garnishment, and, where the

amount stated in the affidavit is at variance with that stated in the petition, the affidavit will control. Revised Civil Statutes, art. 271, § 2, and article 272; Dickinson v. Bank (Tex. Civ. App.) 185 S. W. 674; De Arcy v. Music Co. (Tex. Civ. App.) 208 S. W. 381.

[5, 6] Plaintiff in error's fifth proposition attacks the writ of garnishment issued herein, and contends that it is void, in that it fails to comply with the provisions of article 275, Vernon's Sayles' Revised Civil Statutes, which requires in cases where it is made to appear that the garnishee is a corporation or stock company; that the writ shall further require the garnishee to answer upon oath what number of shares, if any, the defendant owns in said company, or owned when such writ was served, and what interest, if any, he has in such company, or had when such writ was served.

Defendant in error's application for the writ of garnishment alleged the following bearing upon this proposition:

"That the plaintiff has reason to believe and does believe that the said garnishee, Brownwood Gas Company, is indebted to the said defendant, and has in its possession effects belonging to the said defendant, and that said defendant, W. A. Letson is the owner of a large part of the capital stock and shares of said garnishee, and has an interest therein."

That portion of the writ of garnishment issued by the clerk of Brown county, in response to said allegation in the affidavit, and of which plaintiff in error complains, is as follows:

"* * * then and there to answer upon oath what, if anything, it is indebted to the said W. A. Letson, and what interest and the number of shares of the capital stock owned by said defendant, W. A. Letson, if any, in the Brownwood Gas Company, 'and was when this writ was served upon it,' and what effects, if any, of the said W. A. Letson it has in its possession, and had when this writ was served. * * *"

Is the language of the writ so meaningless and unintelligible as will render it void, and the default judgment under the writ void? is the question raised by this proposition. We do not think so. No authorities directly in point have been cited in support of or against this proposition. Plaintiff in error relies for a reversal of the case upon the general proposition of law that defects in writs of garnishment must be strictly construed against the party obtaining its issuance; while defendant in error contends that the writ, though ambiguous, if construed in the reasonable light of the language used, its meaning becomes clear, and that the term, "and was when this writ was served upon it," could only mean that the garnishee was required to answer as to what interest defendant had, and the number of shares of stock defendant had in garnishee at the time the writ was served. Because the term, "and

was when this writ was served upon it" as used in the writ is ambiguous and unintelligible as to that portion of the writ to which it relates, it does not follow that the writ is void; but only voidable as to that portion of the writ complained of, which plaintiff in error could have taken advantage of had it in a timely manner and by proper plea excepted. Since the record contains no statement of facts or bill of exception, or any findings of fact or conclusion of law by the trial judge, this court is compelled to indulge every presumption in favor of the judgment, and that the court based its judgment upon other portions of the writ which clearly required the garnishee to answer certain definite interrogatories, as to what it was indebted to defendant, Letson, and was at the time the writ was served, and what effects, if any, of the said Letson it had in its possession, and had at the time the writ was served; and what persons, if any, within its knowledge, were indebted to said Letson, or had effects belonging to him in their possession, and had when the writ was served.

Under our statutes a plaintiff may obtain the issuance of a writ of garnishment (other requisites being complied with) upon an affidavit that one or more of the grounds set out in the statute exist. Upon the writ being served, the garnishee is required by statute to answer under oath each interrogatory propounded in the writ, as well as certain other statutory matters; and a failure to answer all or any one of the interrogatories will authorize a judgment by default to be taken.

In the case of Freeman v. Miller, 51 Tex. 443, the Supreme Court held that a failure to answer two of the three interrogatories propounded in the writ authorized the court to render judgment by default for such failure for the amount of the judgment against the defendant. We quote the following from this opinion:

"Our statute provides that, if the garnishee shall fail or refuse to appear and answer the interrogatories, it shall be lawful for judgment to be rendered against him for the amount of that against the defendants. It does not, however, prescribe the practice under the particular circumstances presented in this case, where only one of the interrogatories is answered; and we are left to adopt that construction, which, in our opinion, will best conform to the spirit and intention of the law and the general practice of this court in analogous cases. Different rules of practice seem to prevail in different states, owing doubtless to want of uniformity in the several statutes.

"Although proceedings by garnishment should be strictly construed, yet when the statute prescribes the precise questions to be asked, and requires that they shall be answered, under the penalty of liability to judgment, we think it the proper practice to require the garnishee to comply with the statute and make full answer. This is the rule prescribed in the Revised Code of 1876, which will soon govern in such cases (Rev. Code, arts. 203, 204).

If a different practice were adopted, then it would be in the power of the garnishee, either by evasion or neglect, to so delay the progress of the proceedings against him as to impair, if not defeat, the objects of the statute. * * *

"We are further of opinion that, in a case like the one now before the court, where the garnishee, without any excuse therefor shown on the record, fails to make any answer to one or more of the statutory questions, then the court is authorized to proceed as though no answer had been made, and render judgment accordingly; and that, if from accident, mistake, or other cause, injustice has been done the garnishee, he himself must take the initiative, and, by motion made in due time, or other proceedings, seek to set aside the judgment." Jemison v. Scarborough, 56 Tex. 358, to the same effect.

A thorough discussion of the purpose of a writ of garnishment was had in the opinion of the Supreme Court in the case of Seed Co. v. Nat. Bank, 92 Tex. 189, 47 S. W. 95, 96, 516, and we think it particularly applicable to this case. The court, speaking through Chief Justice Gaines, in part says:

"The writ of garnishment is the creature of the statute, and the procedure a matter of statutory regulation. Under the statutes of some of the states the objection here taken would be good. They contain language which shows that the intention was that the contest should be confined to the specific allegation made in the affidavit. It is not so, however, with our statutes. Under article 219 of the Revised Statutes, the plaintiff may obtain the writ (the other requisites existing) by making affidavit that he has reason to believe and does believe in the existence of either one of three facts: (1) That the garnishee is indebted to the defendant; (2) that he has effects of the defendant in his possession; and (3) the garnishee is a corporation, and that the defendant owns shares or an interest therein. But, whatever the ground upon which the writ is obtained, the garnishee is required in every case 'to answer upon oath what, if anything, he is indebted to the defendant, and was when such writ was served, and what effects, if any, of the defendant he has in his possession, and had when such writ was served, and what other persons, if any, within his knowledge, are indebted to the defendant or have effects belonging to him in their possession.' Rev. Stats. art. 220. The garnishee is required to 'make true answers to the several matters inquired of in the writ.' Rev. Stats. art. 226. If the garnishee does not answer, or if he does not fully answer, the plaintiff may take judgment against him for the amount of his demand. Rev. Stats. arts. 228, 237, 238; Selman v. Orr, 75 Tex. 528; Jemison v. Scarborough, 56 Tex. 358. The answers as to matters not alleged in the affidavit were not, in our opinion, intended as an idle ceremony, but were to bring every debt due the defendant by the garnishee, and all effects of the defendant held by him before the court, in order that they might be subjected to the payment of the plaintiff's demands. All the provisions of our garnishment law taken together show that this was the policy; and we think it a wise one. A credi-

tor may believe that a person has effects belonging to his debtor in his possession, and may have no reason' to believe that he owes him a debt; and we see no good reason why, when in such a case a writ of garnishment has been obtained on the ground of the existence of effects, the garnishee should not answer as to debts also; and so likewise as to effects when the ground alleged in the affidavit is that the garnishee is believed to be indebted. That the effect of the writ of garnishment was not to be limited to the matter alleged in the affidavit is further shown by the fact that the garnishee is required to answer as to his knowledge of other persons who are indebted to the defendant or have effects of his in their possession. This we apprehend is merely for the purpose of discovery, but it indicates that the intention was to give the writ a wide scope as a remedial process."

The statutes referred to in the above opinion have been brought forward with each codification of the statutes, and are the same or similar to the statutes in force at this time. If it is proper that a garnishee be required to answer interrogatories in response to a writ obtained upon another ground than that inquired about, it follows that a garnishee would be required to answer specific interrogatories of a writ properly obtained, although the writ sought answers to other interrogatories which were unintelligible because of the language used. In fact, we can see no good reason why a writ of garnishment which seeks an 'answer to five specific interrogatories, two of which are unintelligible because of the language used, should ·be declared to be void in toto; but to the contrary it is, at most, only voidable as to the specific interrogatories. Such defects may be taken advantage of at the proper time and by a proper plea, which are not available to plaintiff in error in the case at bar, for the reasons already stated.

We find no error as presented of sufficient merit to reverse this cause, and it is therefore affirmed.

Affirmed.